■ JOSHUA KELLY, an Infant, by His Mother and Natural Guardian, TYRA KELLY, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendants. [669 NYS2d 920] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 6, 1997, as granted that branch of the motion of the defendant New York City Housing Authority which was to direct them to appear for a statutory hearing and physical examination pursuant to Public Housing Law § 157 (2) and General Municipal Law § 50-h.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the de-

fendant New York City Housing Authority which was to direct the plaintiffs to appear for a statutory hearing and physical examination pursuant to Public Housing Law § 157 (2) and General Municipal Law § 50-h is denied.

The Supreme Court erred in directing the plaintiffs to appear for a statutory hearing and physical examination pursuant to Public Housing Law § 157 (2) and General Municipal Law § 50-h inasmuch as there is no proof that the defendant New York City Housing Authority (hereinafter NYCHA) served a demand for such examination within 90 days of the plaintiffs' filing of a notice of claim (*see,* General Municipal Law § 50-h [2]). We note that this does not preclude NYCHA from examining the plaintiffs during the normal course of discovery as the right to conduct an examination pursuant to General Municipal Law § 50-h is "separate and distinct from any rights to discovery under the CPLR" (*Alouette Fashions v Consolidated Edison Co.,* 119 AD2d 481, 485, *affd* 69 NY2d 787). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.