■ RALPH DiMAIO WOODWORKING COMPANY, Appellant, v AMERIBUILD CONSTRUCTION MANAGEMENT, INC., Respondent. [752 NYS2d 534] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Barone, J.), dated January 30, 2002, which granted the defendant's motion to vacate a judgment entered January 4, 2002, upon its default in appearing or answering, and (2), as limited by its brief, from so much of an order of the same court, dated March 14, 2002, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated January 30, 2002, is dismissed, as that order was superseded by the order dated March 14, 2002, made upon reargument; and it is further,

Ordered that the order dated March 14, 2002, is reversed insofar as appealed from, on the law, the order dated January 30, 2002, is vacated, upon reargument, the motion to vacate is denied, and the judgment is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A defendant attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense (*see Roussodimou v Zafiriadis*, 238 AD2d 568). The defendant failed to satisfy either requirement. The only excuse offered by the defendant, that it was not properly served with the summons and complaint, was rejected by the Supreme Court in its order dated January 30, 2002. Notably, the defendant never denied that the individual described in the affidavit of service was not "an officer, director, managing or general agent, or cashier or assistant cashier" of the defendant corporation (*see* CPLR 311 [a] [1]).

Furthermore, even if true, the failure of the owner to fully pay the defendant does not constitute a meritorious defense to the defendant's failure to fully pay the plaintiff for the work it performed (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 155). Moreover, in his affidavit, the principal of the owner expressed his satisfaction with the work performed by the plaintiff. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.