■ STEFAN OLESNIEWICZ, Appellant, v AHMED A. KHAN et al., Respondents. [777 NYS2d 705]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated February 6, 2004, which, after a hearing (Dye, J.), denied his motion for leave to enter a judgment upon the defendants' failure to appear or answer the complaint and granted the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that on the Court's own motion, the notice of appeal from a decision of the same court dated August 19, 2002, is deemed a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

The process server's affidavits constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Simonds v Grobman,* 277 AD2d 369 [2000]). The defendants failed to submit a sworn denial of service. Moreover, the affidavit of Michael Levine, a nonparty, was insufficient to rebut the plaintiff's showing (*see Simonds v Grobman, supra).*

The Supreme Court erred in dismissing the action pursuant to 22 NYCRR 208.29 based upon the plaintiff's failure to submit the process server's logbook at the hearing on the issue of service of process. The foregoing rule is a New York City Civil Court rule and thus does not apply to this action, which was commenced in the Supreme Court. Altman, J.P., S. Miller, Schmidt, Cozier and Skelos, JJ., concur.