■ MICHAEL LYNCH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [784 NYS2d 900]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 8, 2003, as granted that branch of the plaintiff's motion which was for leave to enter judgment against the defendant Kenneth C. Jackson upon his failure to appear and answer, and denied its cross motion to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to appear for an oral examination in accordance with Public Authorities Law § 1212 (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff, Michael Lynch, allegedly was injured when the automobile in which he was a passenger collided with a New York City Transit Authority (hereinafter the NYCTA) bus operated by the defendant Kenneth C. Jackson. After serving a notice of claim on the NYCTA, the plaintiff, by his father, Courtney Lynch, commenced this action against the NYCTA, Jackson, and the driver of the automobile. The NYCTA served an answer on its own behalf, but not on behalf of Jackson, its employee at the time of the accident. After Jackson failed to serve an answer, the plaintiff moved, inter alia, for leave to enter a default judgment against him. The NYCTA opposed that branch of the motion and cross-moved to dismiss the action insofar as asserted against it based on the plaintiff's alleged failure to appear for an oral examination in accordance with Public Authorities Law § 1212 (5).

Contrary to the Supreme Court's conclusion, the NYCTA was the real party in interest in this action (*see Urraro v Green,* 106 AD2d 567, 568 [1984]; *Albano v Hawkins,* 82 AD2d 871 [1981]; Public Authorities Law § 1212 [3]), and therefore, it had stand-

ing to oppose that branch of the motion which was for leave to enter a default judgment against Jackson. Nevertheless, the Supreme Court properly granted that branch of the motion. The NYCTA opposed that branch of the motion which was for leave to enter a default judgment on the ground that Jackson was not properly served with the summons and complaint. However, the process server's affidavit constituted prima facie proof of proper service pursuant to CPLR 308 (2) (*see Olesniewicz v Khan,* 8 AD3d 354 [2004]; *Simonds v Grobman,* 277 AD2d 369, 370 [2000]). The affirmation of the NYCTA's counsel was insufficient to rebut the statements in the process server's affidavit (*see Olesniewicz v Khan, supra; Simonds v Grobman, supra*).

The Supreme Court also properly denied the NYCTA's cross motion. Compliance with Public Authorities Law § 1212 (5) is a condition precedent to the commencement of an action against the NYCTA (*see Knotts v City of New York,* 6 AD3d 664, 665 [2004]; *Lo Guercio v New York City Tr. Auth.,* 31 AD2d 759, 760 [1969]). The NYCTA's failure to assert lack of compliance with Public Authorities Law § 1212 (5) as an affirmative defense did not constitute a waiver of its right to seek dismissal of the action based on the plaintiff's noncompliance (*see Ames v City of New York,* 280 AD2d 625, 626 [2001]; *Nicholas v City of New York,* 130 AD2d 470, 471 [1987]). However, the NYCTA did not establish that the plaintiff failed to comply with the statute because it submitted no proof that it served a demand for an oral examination (*see Owens v New York City Hous. Auth.,* 203 AD2d 441 [1994]; *see also Kelly v New York City Hous. Auth.,* 248 AD2d 594, 595 [1998]). H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.