■ FRANCES MAURO, Respondent, v ALBERT MAURO, Appellant. [786 NYS2d 213]—

In a matrimonial action in which the parties were divorced by judgment dated December 2, 1991, the defendant appeals from an order of the Supreme Court, Westchester County (Spolzino, J.), entered December 18, 2003, which denied his motion to vacate the judgment of divorce entered upon his failure to appear or answer.

Ordered that the order is affirmed, with costs.

The defendant admits that he had notice of the judgment of divorce three years before he made the motion to vacate. Accordingly, that branch of the defendant's motion which was to vacate the judgment of divorce and to reopen the issue of equitable distribution on the ground of excusable neglect under CPLR 5015 (a) (1) was properly denied as untimely (*see Hartcorn v Hartcorn*, 299 AD2d 395 [2002]; *Nahmani v Town of Ramapo*, 262 AD2d 291 [1999]; *Cook v Cook*, 260 AD2d 160 [1999]; *Matter of Brittany J.*, 235 AD2d 310 [1997]).

Furthermore, that branch of the defendant's motion which was to vacate the judgment of divorce for lack of personal jurisdiction (*see* CPLR 5015 [a] [4]) was properly denied. The affidavit of service attached to the summons with notice was prima

facie proof of proper service pursuant to CPLR 308 (1), and the defendant failed to dispute the facts alleged in the affidavit (*see Olesniewicz v Khan,* 8 AD3d 354 [2004]; *Hanover Ins. Co. v Cannon Express Corp.,* 1 AD3d 358 [2003]; *96 Pierrepont, LLC v Mauro,* 304 AD2d 631 [2003]). Santucci, J.P., S. Miller, Smith, Cozier and Fisher, JJ., concur.