■ ROMEL GALARZA et al., Plaintiffs, v SADDLE COVE ASSOCIATES, LLC, Defendant and Third-Party Plaintiff-Respondent. SAV CARPENTRY, INC., Third-Party Defendant-Appellant. [801 NYS2d 769]—In an action, inter alia, to recover damages for personal injuries, the third-party defendant, SAV Carpentry, Inc., appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated September 28, 2004, which, among other things, denied its motion to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied the motion of SAV Carpentry, Inc. (hereinafter SAV), to dismiss the third-party complaint for lack of personal jurisdiction. SAV failed to come forward with proof sufficient to warrant the granting of the motion (*cf. Richmond Hill Sav. Bank v Sisters of Order of St. Dominic*, 126 AD2d 627, 628 [1987]).

A process server's affidavit of service constitutes prima facie proof of proper service (*see Matter of Hanover Ins. Co. v Cannon*

*Express Corp.,* 1 AD3d 358, 359 [2003]; *Genway Corp. v Elgut,* 177 AD2d 467 [1991]). The process server's second affidavit, submitted by the defendant third-party plaintiff, Saddle Cove Associates, LLC, in opposition to SAV's motion, was not inconsistent with the affidavit of service.

Accordingly, SAV was not entitled, inter alia, to dismissal of the third-party complaint on the ground of lack of personal jurisdiction (*see* CPLR 3211 [a] [8]; [e]). Florio, J.P., Crane, Fisher and Dillon, JJ., concur.