■ SFR FUNDING, INC., Appellant, v STUDIO FIFTY CORP. et al., Respondents. [829 NYS2d 137]—

In an action to recover payments due on an equipment lease, the plaintiff appeals from an order of the Supreme Court, Kings

County (Saitta, J.), dated June 27, 2006, which granted the defendants' motion pursuant to CPLR 317 and 5015 to vacate a judgment dated April 7, 2006, entered upon their default in appearing and answering the complaint, and for leave to serve a late answer.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the judgment dated April 7, 2006 is reinstated.

The defendants failed to demonstrate that they did not personally receive notice of the summons in time to defend the action, as required to obtain relief from a default judgment pursuant to CPLR 317 (*see Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *Majestic Clothing Inc. v East Coast Stor., LLC,* 18 AD3d 516 [2005]). The record reveals that the defendants received notice of the summons in October 2005, shortly after they were served, and in time to defend the action.

Furthermore, the defendants failed to come forward with sufficient proof to establish that the court lacked personal jurisdiction over them. The process server's affidavits of service constituted prima facie proof of proper service (*see Galarza v Saddle Cove Assoc., LLC,* 22 AD3d 523 [2005]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.,* 21 AD3d 447 [2005]; *Matter of Hanover Ins. Co. v Cannon Express Corp.,* 1 AD3d 358 [2003]), and personal service upon the individual defendant pursuant to CPLR 308 (2) was undisputed. Furthermore, the defendants never denied that the individual described in the affidavit with respect to service of the defendant corporation was a managing or general agent of the defendant corporation (*see* CPLR 311 [a] [1]; *Ralph DiMaio Woodworking Co. v Ameribuild Constr. Mgt.,* 300 AD2d 558, 559 [2002]).

The defendants' remaining contention regarding a reasonable excuse for their default based on settlement negotiations was not specifically raised in their motion to vacate and therefore is not properly before us on this appeal (*see Flora Co. v Ingilis,* 233 AD2d 418, 419 [1996]).

Accordingly, the defendants' motion to vacate the default judgment should have been denied. Ritter, J.P., Goldstein, Florio, Covello and , JJ., concur.