■ 425 EAST 26TH STREET OWNERS CORP., Respondent, v LAUREL BEATON, Appellant, et al., Defendants. [858 NYS2d 188]—

In an action, inter alia, to foreclose a mortgage, the defendant Laurel Beaton appeals from (1) an order of the Supreme Court, Kings County (Kurtz, J.), dated May 31, 2007, which granted the plaintiff's unopposed motion for a final judgment of foreclosure and sale against her upon her failure to timely answer pursuant to an order of the same court dated January 22, 2007, and (2) an order of the same court dated November 19, 2007, which denied her motion, in effect, to vacate her default in answering.

Ordered that the appeal from the order dated May 31, 2007 is dismissed; and it is further,

Ordered that the order dated November 19, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The order dated May 31, 2007 was issued upon the defendant's default. No appeal lies from an order made upon the default of the appealing party (*see* CPLR 5511).

The motion of the defendant Laurel Beaton to vacate, in effect, her default in answering was properly denied. Contrary to

the defendant's contention, the plaintiff properly obtained personal jurisdiction over her. The affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Olesniewicz v Khan*, 8 AD3d 354, 355 [2004]; *Matrix Fin. Servs. Corp. v McKiernan*, 295 AD2d 579 [2002]; *Manhattan Sav. Bank v Kohen*, 231 AD2d 499 [1996]). The defendant's bare denial of service was insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (4) created by the process server's affidavit (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *Mauro v Mauro*, 13 AD3d 345, 345-346 [2004]; *Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340, 341 [2004]; *Carrenard v Mass*, 11 AD3d 501 [2004]) and no hearing was required (*see Simonds v Grobman*, 277 AD2d 369 [2000]; *Sando Realty Corp. v Aris*, 209 AD2d 682 [1994]).

By order dated January 22, 2007 the Supreme Court vacated the defendant's default on the condition that she serve and file her answer within 30 days. The defendant failed to do so. Since the appellant failed to establish a reasonable excuse for that default (*see* CPLR 5015 [a]), there was no basis to vacate it. Therefore, we affirm the denial of her motion without reaching the issue of whether she has a meritorious defense to the action (*see Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d 533 [2003]).

The defendant's remaining contentions either are improperly raised for the first time on appeal and therefore not properly before this Court (*see Glaser v County of Orange*, 22 AD3d 720, 721 [2005]), or are without merit. Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.