■ RAYMOND STURINO, Respondent, v NINO TRIPICCHIO & SON LANDSCAPING et al., Appellants. [885 NYS2d 625]—

In an action, inter alia, to recover on a promissory note, the defendants appeal from an order of the Supreme Court, Westchester County (DiBella, J.), entered July 17, 2008, which denied those branches of their motion which were, in effect, pursuant to CPLR 5015 (a) (4) to vacate a clerk's judgment of the same court dated March 11, 2008, entered upon their default in appearing or answering the complaint or, in the alternative, pursuant to CPLR 317 to vacate the default of the defendants Nino Tripicchio & Son Landscaping and Nino Tripicchio.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was, in effect, pursuant to CPLR 5015 (a) (4) to vacate a clerk's judgment entered upon their default in appearing or answering the complaint. The process server's affidavits of service constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (see Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983 [2008]; Olesniewicz v Khan, 8 AD3d 354, 355 [2004]). The affidavit of the defendant Nino Tripicchio, submitted on his behalf as well as on behalf of the defendant Nino Tripicchio & Son Landscaping (hereinafter together the Nino Tripicchio defendants), consisted of an unsubstantiated denial of service of the summons and complaint and was insufficient to rebut the presumption of proper service (see Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d at 983; 96 Pierrepont v Mauro, 304 AD2d 631 [2003]). The defendant Giovanni Tripicchio made no attempt to rebut the presumption of proper service, as he failed to submit an affidavit (see Olesniewicz v Khan, 8 AD3d at 355).

The Supreme Court providently exercised its discretion in determining that the Nino Tripicchio defendants were not entitled to relief pursuant to CPLR 317. They failed to demonstrate that they did not personally receive notice of the summons and complaint in time to defend the action (see Cavalry

*Portfolio Servs., LLC v Reisman,* 55 AD3d 524, 525 [2008]; *Caruso v Valentin,* 54 AD3d 987 [2008]).

The defendants' remaining contentions either are improperly raised for the first time on appeal, are without merit, or have been rendered academic by our determination. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.