■ IRWIN MORTGAGE CORPORATION, Respondent, v CARLINE DEVIS, Appellant, et al., Defendants. [898 NYS2d 854]—In an action to foreclose a mortgage, the defendant Carline Devis appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), entered January 29, 2009, which, inter alia, denied her motion to vacate a judgment of foreclosure and sale of the same court dated March 14, 2008, entered upon her failure to appear or answer.

Ordered that the order is affirmed, with costs.

The process server's affidavit of service constituted prima facie evidence of proper service upon the appellant pursuant to CPLR 308 (4), and her unsubstantiated denials of receipt of the summons and complaint were insufficient to rebut that showing (see SFR Funding, Inc. v Studio Fifty Corp., 36 AD3d 604, 605 [2007]; see Galarza v Saddle Cove Assoc., LLC, 22 AD3d 523 [2005]; General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447 [2005]; Carrenard v Mass, 11 AD3d 501 [2004]; Matter of Hanover Ins. Co. v Cannon Express Corp., 1 AD3d 358 [2003]). Accordingly, the appellant's motion to vacate the default judgment entered against her was properly denied without a hearing (see 96 Pierrepont v Mauro, 304 AD2d 631 [2003]; Sardar v Birra, 287 AD2d 446 [2001]).

Even if the appellant's motion were treated as one made pursuant to CPLR 317 or CPLR 5015 (a) (1) (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; Mann-Tell Realty Corp. v Cappadora Realty Corp., 184 AD2d 497, 498 [1992]), she failed to demonstrate either that she did not receive notice of the action in time to defend, or the existence of a meritorious defense (see Taylor v Saal, 4 AD3d 467 [2004]; Dominguez v Carioscia, 1 AD3d 396, 397 [2003]; 96 Pierrepont v Mauro, 304 AD2d 631 [2003]; Waldon v Plotkin, 303 AD2d 581 [2003]; Ralph DiMaio Woodworking Co. v Ameribuild Constr. Mgt., 300 AD2d 558, 559 [2002]; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553 [2001]; Genway Corp. v Elgut, 177 AD2d 467 [1991]).

Contrary to the appellant's remaining contention regarding the plaintiff's lack of compliance with RPAPL 1304, there is no evidence in the record that the subject mortgage was a subprime mortgage, or otherwise was subject to the requirements of RPAPL 1304. Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.