■ C&H IMPORT & EXPORT, INC., Respondent, v MNA GLOBAL, INC., et al., Appellants, et al., Defendant. [912 NYS2d 428]—

In an action, inter alia, to recover damages for breach of fiduciary duty, for an accounting, and injunctive relief, the defendants MNA Global, Inc., and Menashe Amitay appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated March 27, 2009, as granted the plaintiff's motion for leave to enter a

default judgment against them upon their failure to appear or answer the complaint and denied those branches of their cross motion which were, in effect, to vacate their default and for leave to serve a late answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff demonstrated its entitlement to a default judgment against the appellants, MNA Global, Inc. (hereinafter MNA), and Menashe Amitay, an officer of MNA, by submitting proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the appellants' defaults in answering or appearing (*see* CPLR 3215 [f]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102 [2009]). In opposition to the plaintiff's motion, the appellants alleged that the Supreme Court lacked personal jurisdiction over them (*see* CPLR 5015 [a] [4]). The process server's affidavits of service constituted prima facie evidence of proper service upon Amitay pursuant to CPLR 308 (2) and upon MNA pursuant to CPLR 311 (a) (1) (*see Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562 [2007]). The unsubstantiated denials by Amitay that neither he nor MNA were served with the summons and complaint were insufficient to rebut the presumption of proper service (*see Pezolano v Incorporated City of Glen Cove*, 71 AD3d 970 [2010]; *Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *Sime v Ludhar*, 37 AD3d 817 [2007]). Notably, Amitay failed to submit any affidavit by the person upon whom process was allegedly served pursuant to CPLR 308 (2) denying receipt of the summons and complaint (*see Roberts v Anka*, 45 AD3d 752, 754 [2007]; *Foster v Jordan*, 269 AD2d 152 [2000]; *cf. Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino*, 34 AD3d 536, 538 [2006]). Furthermore, Amitay did not deny that the individual described in the affidavit with respect to service of MNA was a managing agent of MNA (*see SFR Funding, Inc. v Studio Fifty Corp.*, 36 AD3d 604 [2007]; *Ralph DiMaio Woodworking Co. v Ameribuild Constr. Mgt.*, 300 AD2d 558 [2002]). The appellants offered no other excuse for their defaults in answering the complaint (*see* CPLR 5015 [a] [1]).

Even if that branch of the appellants' cross motion which sought, in effect, to vacate their default was treated as one made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *Irwin Mtge. Corp. v Devis*, 72 AD3d 743 [2010]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.*, 184 AD2d 497 [1992]), the appellants failed to

demonstrate that they did not receive notice of the summons and complaint in time to defend the action (*see Irwin Mtge. Corp. v Devis*, 72 AD3d 743 [2010]; *Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]). The plaintiff's evidence that a copy of the summons and complaint was mailed to Amitay's correct residence address created a presumption of proper mailing and of receipt (*see Engel v Lichterman*, 62 NY2d 943 [1984]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524 [2008]). His mere denial of receipt, without more, did not rebut the presumption of proper mailing (*see Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d at 525; *De La Barrera v Handler*, 290 AD2d 476 [2002]; *Udell v Alcamo Supply & Contr. Corp.*, 275 AD2d 453 [2000]).

The Supreme Court also properly denied that branch of the appellants' cross motion which sought, in effect, an extension of time to serve a late answer pursuant to CPLR 3012 (d), as they did not establish a reasonable excuse for their failure to timely serve an answer (*see 599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]; *Elite Limousine Plus v Allcity Ins. Co.*, 266 AD2d 259 [1999]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to enter a default judgment against the appellants and properly denied those branches of the appellants' cross motion which were, in effect, to vacate their default and for leave to serve a late answer. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.