US CONSULTS, Appellant, v APG, INC., Respondent, et al., Defendants. [917 NYS2d 911]—

In order to vacate its default in appearing and answering the complaint, the defendant APG, Inc. (hereinafter APG), was required to demonstrate a reasonable excuse for its failure to appear or answer and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Hageman v Home Depot USA, Inc.*, 25 AD3d 760, 761 [2006]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]). APG failed to offer a reasonable excuse for its default. It claims that its default was excusable because it was not properly served. However, the plaintiff produced an affidavit of service of the process server who allegedly served APG with a summons and complaint. The affidavit of service constituted prima facie evidence that APG was validly served pursuant to CPLR 308 (2) (*see Bank of N.Y. v Segui*, 68 AD3d 908 [2009]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524 [2008]). In response, APG offered only bare and unsubstantiated denials, which were insufficient to rebut the presumption of proper service (*see Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732 [2008]). Accordingly, the Supreme Court should have denied those branches of APG's motion which were, inter alia, to vacate its default.

In light of our determination, we need not reach the issue of whether APG proffered a potentially meritorious defense to the action. Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.