■ VERLA GRAY-JOSEPH, Respondent, v SHUHAI LIU et al., Appellants. [934 NYS2d 868]—

The Supreme Court properly directed a hearing to determine the validity of service of process upon the defendant Shuhai Liu to aid in the disposition of that branch of the plaintiff's motion which was for leave to enter a default judgment against Liu, upon his failure to appear or answer the complaint, and that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against Liu for lack of personal jurisdiction. CPLR 308 (2) authorizes service of process to be made by delivery to a person of suitable age and discretion at the defendant's actual place of business, dwelling place, or usual place of abode, and by mailing process to the defendant at either his or her last known residence or actual place of business. Jurisdiction is not acquired pursuant to CPLR 308 (2) unless both the delivery and mailing requirements have been strictly complied with (*see Ludmer v Hasan*, 33 AD3d 594 [2006]; *McCray v Petrini*, 212 AD2d 676 [1995]; *Avakian v De Los Santos*, 183 AD2d 687, 688 [1992]). However, a minor error in the address to which a summons is mailed will not render service of process void where "it is virtually certain that the summons will arrive" at its intended destination (*Brownell v Feingold*, 82 AD2d 844, 844 [1981]; *see Ludmer v Hasan*, 33 AD3d 594 [2006]; *Donohue v La Pierre*, 99 AD2d 570 [1984]). Here, the affidavits of the plaintiff's process server submitted in support of the plaintiff's motion, and Liu's affidavits, submitted in opposition to the motion and in support of the defendants' cross motion,

raised issues of fact as to whether the process server delivered the summons and complaint to a person of suitable age and discretion at Liu's dwelling place and whether the envelope in which the summons and complaint were mailed, despite the failure to specify the apartment number, was virtually certain to arrive at Liu's last known residence (*see Ludmer v Hasan*, 33 AD3d 594 [2006]; *Donohue v La Pierre*, 99 AD2d 570 [1984]; *Brownell v Feingold*, 82 AD2d 844 [1981]).

Furthermore, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant William Yip upon his failure to appear or answer the complaint, and properly denied that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against Yip for lack of personal jurisdiction. The process server's affidavit constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see City of New York v Miller*, 72 AD3d 726, 727 [2010]; *Argent Mtge. Co., LLC v Vlahos*, 66 AD3d 721 [2009]; *425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d 845, 846 [2008]). The defendants failed to submit a personally sworn denial of service by Yip (*see Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *Olesniewicz v Khan*, 8 AD3d 354, 355 [2004]; *Simonds v Grobman*, 277 AD2d 369, 370 [2000]; *Walkes v Benoit*, 257 AD2d 508 [1999]). Moreover, the affidavit of Liu and a letter from Tommy Youn, a nonparty, were insufficient to rebut the plaintiff's showing (*see Olesniewicz v Khan*, 8 AD3d at 355; *Simonds v Grobman*, 277 AD2d at 370). Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.