*764 The Supreme Court properly denied the motion of the defendant Emigrant Bank (hereinafter the appellant), pursuant to CPLR 5015 (a) (1) and (4), inter alia, to vacate the judgment of foreclosure and sale entered upon its default in answering the complaint. As to that branch of the appellant’s motion which was to vacate its default pursuant to CPLR 5015 (a) (4) for lack of jurisdiction, the affidavit of the plaintiffs process server constituted prima facie evidence of proper service pursuant to CPLR 311 (a) (1) (see C&H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 785 [2010]; SFR Funding, Inc. v Studio Fifty Corp., 36 AD3d 604, 605 [2007]; Galarza v Saddle Cove Assoc., LLC, 22 AD3d 523 [2005]). Contrary to the appellant’s contention, it failed to rebut this presumption of proper service. “Although a defendant’s sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server’s affidavit and necessitates an evidentiary hearing (see Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 139 [1986]), no hearing is required where the defendant fails to swear to ‘specific facts to rebut the statements in the process server’s affidavits’ ” (Scarano v Scarano, 63 AD3d 716, 716 [2009], quoting Simonds v Grobman, 277 AD2d 369, 370 [2000]; see Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984-985 [2010]; City of New York v Miller, 72 AD3d 726, 727 [2010]; Carrenard v Mass, 11 AD3d 501 [2004]). Here, the appellant submitted the affidavit of the person upon whom process allegedly was served, and that person (hereinafter the agent) did not deny that she was an agent authorized to receive service on behalf of the appellant, that she was at work on the date process was effectuated, or that her appearance matched the process server’s description of the individual served. Rather, the agent asserted that she did not “recall” being served on that date and that she always followed the standard procedure of immediately recording the receipt of legal papers in a “Subpoena Case Record book” as soon as she received them. The agent stated that, since the “Subpoena Case Record book” does not indicate that she received the summons and complaint on the date set forth in the affidavit of service, or on any date *765 thereafter, she did “not believe [she] could have been served as alleged in the affidavit of service.” However, the pages of the “Subpoena Case Record book” submitted by the appellant do not substantiate, and, in fact, negate, the assertion that the agent always followed this standard procedure inasmuch as they contain numerous entries that are dated out of sequence. As such, no hearing was necessary to determine whether the appellant was properly served and there was no basis for granting the appellant’s motion pursuant to CPLR 5015 (a) (4).
As to that branch of the appellant’s motion which was made pursuant to CPLR 5015 (a) (1), the appellant failed to establish a reasonable excuse for its default, since the only excuse it proffered was that it was not served with process (see Reich v Redley, 96 AD3d 1038 [2012]; Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 221 [2011]; Pezolano v Incorporated City of Glen Cove, 71 AD3d 970, 971 [2010]). “Since [the appellant] failed to offer a reasonable excuse, it is unnecessary to consider whether [it] sufficiently demonstrated the existence of a potentially meritorious defense” (Lane v Smith, 84 AD3d 746, 748 [2011]; see Reich v Redley, 96 AD3d 1038 [2012]). Skelos, J.R, Leventhal, Chambers and Lott, JJ., concur.