Jansen Greenidge, Appellant,
against
Fashion Rock, Inc. and WARREN BROWN, Respondents.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered July 14, 2014. The order granted defendants' motion to vacate a default judgment.




ORDERED that the order is reversed, without costs, and defendants' motion to vacate the default judgment is denied.
In this action to recover the principal sum of $17,000 due under three promissory notes, the affidavit of service alleges that the summons and complaint were served on the corporate defendant by serving the Secretary of State pursuant to Business Corporation Law § 306. The summons and complaint were also personally served upon the individual defendant, Warren Brown, at the usual place of business of both defendants. Upon defendants' default in appearing and answering the complaint, plaintiff obtained a default judgment against them. In support of defendants' motion to vacate the default judgment, Brown asserted that "he was never made aware that an action had been commenced" and that he "was never served with papers." He also stated that there were only two promissory notes that had been executed by him. By order entered June 26, 2014, the Civil Court granted defendants' motion. Upon a review of the record, we find that the Civil Court improvidently exercised its discretion in vacating the default judgment (see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]).
With respect to defendant Brown, his bald denial of service was insufficient to rebut the presumption of proper service upon him pursuant to CPLR 308 (1) raised by the affidavit of service (see CPLR 5015 [a] [4]; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2013]; ACT Props., LLC v Garcia, 102 AD3d 712 [2013]; Burekhovitch v Tatarchuk, 99 AD3d 653 [2012]; Citimortgage, Inc. v Phillips, 82 AD3d 1032 [2011]; Irwin Mtge. Corp. v Devis, 72 AD3d 743 [2010]; Carrenard v Mass, 11 AD3d 501 [2004]; LR Credit 22, LLC v Monaghan, 38 Misc 3d 129[A], 2012 NY Slip Op 52395[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Additionally, CPLR 317 provides, among other things, that a defendant is entitled to vacatur of a default judgment if it is established that he did not receive notice of the summons in time to defend, and he has a meritorious defense (see Hon-Kuen Lo v Gong Park Realty Corp., 16 AD3d 553 [2005]). However, since the affidavit of the process server constituted prima facie evidence that service was properly effected upon defendant Brown personally, pursuant to CPLR 308 (1), his bare bones claim of lack of service was insufficient to establish that he "did not personally [*2]receive notice of the summons in time to defend" the action (CPLR 317; see Carrenard, 11 AD3d at 501; 96 Pierrepont v Mauro, 304 AD2d 631 [2003]; Capital One Bank v Lundy, 16 Misc 3d 134[A], 2007 NY Slip Op 51512[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
With respect to the corporate defendant, the moving papers contained no allegations rebutting the presumption of proper service made upon the Secretary of State (see CPLR 311 [a] [1]; Business Corporation Law § 306; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080, 1081-1082 [2011]; Thas v Dayrich Trading, Inc., 78 AD3d 1163 [2010]; Gartner v Unified Windows, Doors & Siding, Inc., 71 AD3d 631 [2010]; Coyle v Mayer Realty Corp., 54 AD3d 713 [2008]; Commissioners of State Ins. Fund v Nobre, Inc., 29 AD3d 511 [2006]). Furthermore, the corporate defendant failed to establish that it had not received actual notice of the summons in time to defend the action (see CPLR 317).
As defendants failed to establish a reasonable excuse for defaulting in this action, it is unnecessary to consider whether they sufficiently demonstrated the existence of a meritorious defense (see CPLR 5015 [a] [1]; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724; ACT Props., LLC v Garcia, 102 AD3d at 713; Levi v Levi, 46 AD3d 519 [2007]).
Accordingly, the order is reversed and defendants' motion to vacate the default judgment is denied.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: April 15, 2016