Bank of Am., N.A. v McAlpin (2019 NY Slip Op 02843)





Bank of Am., N.A. v McAlpin


2019 NY Slip Op 02843


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-08025
 (Index No. 15785/13)

[*1]Bank of America, N.A., respondent,
v
Andy McAlpin, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Steven Amshen, and Christopher Villanti of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Andy McAlpin appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 29, 2016. The order, insofar as appealed from, denied that branch of that defendant's motion which was to dismiss the complaint for failure to comply with a court rule.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In August 2013, the plaintiff commenced this mortgage foreclosure action against the defendant Andy McAlpin (hereinafter the defendant) and others. The defendant did not answer or appear in the action, and in February 2014, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated October 24, 2014, the Supreme Court granted the plaintiff's motion. The plaintiff did not move for a judgment of foreclosure and sale, and in May 2016, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference and to dismiss the complaint insofar as asserted against him on the ground that he had not been served with the summons and complaint, for leave to serve a late answer, and to dismiss the complaint on the ground that the plaintiff failed to comply with Part F, rule 8, of the Kings County Supreme Court Uniform Civil Term Rules (hereinafter Rule 8). Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference. The plaintiff opposed the motion. In the order appealed from, the court denied the motion in its entirety. The court determined that the defendant had not rebutted the presumption of proper service arising from the process server's affidavit of service (see US Consults v APG, Inc., 82 AD3d 753, 753). With respect to that branch of the defendant's motion which was to dismiss the complaint based on the plaintiff's failure to comply with Rule 8, the court determined that the defendant could not seek that relief unless his default in appearing in the action was vacated. The defendant appeals from so much of the order as denied that branch of his motion which was to dismiss the complaint based on the plaintiff's failure to comply with Rule 8.
Contrary to the Supreme Court's determination, the defendant was not precluded from seeking relief under Rule 8 by the denial of that branch of his motion which was to vacate his default [*2]in appearing in the action (cf. HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633-634; Federal Natl. Mtge. Assn. v Heilpern, 164 AD3d 654, 655-656). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a determination, on the merits, of that branch of the defendant's motion which was to dismiss the complaint for failure to comply with Rule 8.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court