McCraley v Shvartsman (2019 NY Slip Op 05770)





McCraley v Shvartsman


2019 NY Slip Op 05770


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-12822
 (Index No. 500242/16)

[*1]Christopher McCraley, et al., respondents,
v
Boris Shvartsman, appellant, et al., defendant.


Law Office of Natalia Vassilieva, P.C., Brooklyn, NY, for appellant.
Kupillas, Unger & Benjamin, LLP, New York, NY (Jeffrey Benjamin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Boris Shvartsman appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 19, 2017. The order denied that defendant's motion to vacate his default in answering the complaint.
ORDERED that the order is affirmed, with costs.
The affidavit of a process server constitutes prima facie evidence of proper service pursuant to CPLR 308 (see Wells Fargo Bank, N.A. v Christie, 83 AD3d 824; US Consults v APG, Inc., 82 AD3d 753; Washington Mut. Bank v Holt, 71 AD3d 670; Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457). "[B]are and unsubstantiated denials are insufficient to rebut the presumption of service" (Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825; see US Consults v APG, Inc., 82 AD3d 753; Sturino v Nino Tripicchio & Son Landscaping, 65 AD3d 1327; Simmons First Natl. Bank v Mandracchia, 248 AD2d 375; Remington Invs. v Seiden, 240 AD2d 647; Sando Realty Corp. v Aris, 209 AD2d 682).
Here, the defendant Boris Shvartsman's mere denial that he resided at the address listed in the affidavit of service, without indicating where he allegedly did reside, was insufficient to rebut the presumption of proper service created by the duly executed affidavit of service (see Hyman v 400 W. 152nd St. Hous. Dev. Fund Corp., 159 AD3d 606; Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431).
Shvartsman's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's denial of Shvartsman's motion to vacate his default in answering the complaint.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court