Haughton v Hills (2022 NY Slip Op 50136(U))

[*1]

Haughton v Hills

2022 NY Slip Op 50136(U) [74 Misc 3d 130(A)]

Decided on February 4, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-889 K C

Mark Anthony Haughton, Appellant,
against
Clayton Hills, Also Known as Clayton Hill, Respondent.

Susan Adler, for appellant.
Anthony Balsamo, for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ellen E.
Edwards, J.), entered September 10, 2020. The order granted defendant's motion to vacate a
judgment of that court entered January 14, 2019 upon defendant's failure to appear or answer the
complaint and to restore the case to the calendar.

ORDERED that the order is affirmed, without costs.
In 2018, plaintiff commenced this action to recover unpaid rent from defendant, who,
plaintiff alleges, is his former tenant. Upon defendant's failure to appear or answer the complaint,
plaintiff obtained a default judgment, entered January 14, 2019, awarding plaintiff the sum of
$32,145. Defendant's wages were garnished by the marshal. 
Thereafter, defendant moved to vacate the default judgment and restore the case to the
calendar. In his affidavit in support of the motion, defendant alleged that he was never served
with a summons and complaint in this action. In opposition to the motion, plaintiff did not attach
to his motion papers the process server's affidavit of service or any other affidavit establishing
service. The Civil Court granted defendant's motion, ordered the garnishment and restraining
notices lifted, and directed the marshal to return funds in the amount of $8,637.07 to
defendant.
Generally, a process server's affidavit of service establishes a prima facie case as to the
method of service which, therefore, gives rise to a presumption of proper service (see
Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]; Parker v Top Homes,
Inc., 58 AD3d [*2]817, 818 [2009]; 425 E. 26th St.
Owners Corp. v Beaton, 50 AD3d 845, 846 [2008]; Sando Realty Corp. v Aris, 209
AD2d 682 [1994]). Here, there was no basis for the Civil Court to find that jurisdiction had been
acquired over defendant, as no affidavit proving service was included in any of the papers before
the court. Consequently, the court properly vacated the default judgment and granted the branch
of defendant's motion seeking to restore the case to the calendar.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2022