■ Dorothy Bednarczyk, Appellant, v Walter Kiese, Also Known as Walter Kise, et al., Respondents.—Mikoll, J. P. Appeal from an order of the Supreme Court (Doran, J.), entered December 17, 1991 in Schenectady County, which, *inter alia,* granted defendant Walter Kiese's cross motion to dismiss the complaint against him for lack of personal jurisdiction and failure to comply with the Statute of Limitations.

The primary question presented on this appeal is whether Supreme Court properly found that personal service of process was not effectuated on defendant Walter Kiese (hereinafter defendant) in this action by personal service of the summons and complaint on defendant's brother, Edwin Kise, in California or by any other method of service.

Plaintiff alleges that on July 31, 1987 she was injured while visiting defendants John Lawyer and Elizabeth Lawyer, at their residence in the City of Schenectady, Schenectady County. The premises were owned by defendant and the Lawyers were his tenants. Defendant lived in California from 1981 through 1988, when he relocated to Indiana. While living in Indiana defendant gave Kise, who resided in California, a power of attorney to handle his business affairs.

On July 16, 1990 plaintiff attempted to effect substituted service on defendant by leaving the summons and complaint at Kise's residence believing, according to affidavits submitted to Supreme Court, that defendant lived at Kise's address, a fact refuted by proof submitted by defendant. As an apparent afterthought, plaintiff now claims that the service on Kise gives personal jurisdiction over defendant because of the

general power of attorney. Plaintiff also claims that personal jurisdiction was obtained over defendant by other means, including defendant's appearance in the action.

Eventually, plaintiff moved for a default judgment against defendant and for an attachment of his property in Schenectady. Defendant cross-moved to dismiss the complaint based upon lack of personal jurisdiction and the expiration of the Statute of Limitations or, alternatively, to vacate the default and to grant an extension of defendant's time to appear or plead and to compel plaintiff to accept responsive pleadings. Supreme Court denied plaintiff's motion in its entirety and granted defendant's cross motion to dismiss the complaint against him for lack of personal jurisdiction and expiration of the Statute of Limitations.

Defendant established by credible evidence and documentation that he did not reside at the home of Kise and that service on Kise there was not sufficient to accomplish substituted service on defendant. Likewise, plaintiff failed to demonstrate that Kise was authorized to receive service of process as agent for defendant pursuant to a power of attorney executed in Indiana. While under CPLR 318 a person may be designated as an agent for service of process, the written designation must be executed and acknowledged as a deed with the consent of the agent endorsed thereon. The instrument must be filed in the office of the clerk of the county in which the principal to be served resides or has its principal office (CPLR 318). Strict compliance with CPLR 318 is required *(Wichlenski v Wichlenski,* 67 AD2d 944, 946-947). Plaintiff failed to establish that the requirements of CPLR 318 were met so that the attempt to accomplish service on defendant by serving Kise as his designated agent under the provision was of no avail.

As the record supports the finding that plaintiff did not effectuate service commencing this action in a manner authorized by law, Supreme Court's order dismissing the complaint against defendant must be affirmed *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283; *Parker v Mack,* 61 NY2d 114; *Donaldson v Melville,* 124 AD2d 361, *lv denied* 69 NY2d 604).

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs against plaintiff.