defendant's assets. Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ PEOPLE ex rel. KEITH TYLER, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [617 NYS2d 685] —Motion for permission to appeal denied. Memorandum: Because petitioner's appeal lies as of right, petitioner has 30 days from the date of this order to file and serve a notice of appeal (see, CPLR 5514 [a]; 5520 [b]). Present—Pine, J. P., Balio, Lawton, Wesley and Davis, JJ.

■ PEOPLE, Respondent, v DARIUS HORTON, Appellant. [617 NYS2d 685] —Motion for access to Grand Jury minutes dismissed. Memorandum: This motion is essentially one to settle the record on appeal to determine whether the Grand Jury minutes should be included as part of the record. Thus, this motion should be addressed to the trial court. Present—Green, J. P., Balio, Lawton, Fallon and Callahan, JJ.

■ CHURCH OF TRANSFIGURATION et al., Appellants, v NEW HAMPSHIRE INSURANCE COMPANY, Respondent. [616 NYS2d 843] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant insurer's motion for summary judgment dismissing the complaint. Defendant moved for summary judgment on the ground that plaintiffs made material misrepresentations on their application for insurance for their yacht. In that application, plaintiffs drew a line through the space allotted for "Particulars and Amount Of All Yacht And Outboard Losses In Past Three Years." Even assuming that plaintiffs failed to report a prior total loss of the boat and the cancellation of the previous policy issued by a different insurer, defendant failed to submit proof of its underwriting practices with respect to applicants with similar histories, and thus failed to meet its burden of establishing entitlement to judgment as a matter of law (see, Alaz Sportswear v Public Serv. Mut. Ins. Co., 195 AD2d 357, 358; Sonkin Assocs. v Columbian Mut. Life Ins. Co., 150 AD2d 764, 765; Di Pippo v Prudential Ins. Co., 88 AD2d 631). (Appeal from Order of Supreme Court, Nassau County, Brucia, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v DEAN PERCHIK, Appellant. (Appeal No.

1.) [617 NYS2d 665] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Suffolk County, Floyd, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

█ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v DEAN PERCHIK, Appellant. (Appeal No. 2.) [617 NYS2d 666] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Suffolk County, Floyd, J.—Dismiss complaint.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

█ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v DEAN PERCHIK, Appellant. (Appeal No. 3.) [617 NYS2d 610] —Order unanimously reversed on the law without costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Supreme Court erred in failing to dismiss the complaint based on lack of personal jurisdiction. Plaintiff purported to serve defendant pursuant to CPLR 308 (2), which requires delivery of the summons "to a person of suitable age and discretion at the actual * * * dwelling place or usual place of abode". The sworn statement of defendant that he did not reside at the address where the process server purported to have served defendant by serving defendant's father was unrefuted. Thus, plaintiff failed to show compliance with CPLR 308 (2) *(see, Schurr v Fillebrown,* 146 AD2d 623, 624). The court also erred in relying on *Sherrill v Pettiford* (172 AD2d 512) and *Anello v Barry* (149 AD2d 640) in finding that defendant was estopped from challenging the propriety of the service because it was made at the address on his driver's license. There are no allegations that defendant engaged in conduct designed to conceal his correct address or that plaintiff relied on the address on defendant's driver's license.

We note that the court further erred in granting plaintiff's motion for summary judgment. Plaintiff's proof consisted of an affidavit asserting that, according to plaintiff's business records, the loan had never been repaid. The affidavit of defendant's father asserting that he had repaid the loan and that he no longer had records from the 1970s raised an issue of fact requiring a trial. (Appeal from Order of Supreme Court,