■ JUAN PERDOMO et al., Respondents, v CHAU SHING WONG et al., Appellants. [712 NYS2d 164] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Garry, J.), dated March 29, 1999, which granted the motion of the plaintiff Juan Perdomo (a) to vacate his default under CPLR 3215 (c) in failing to enter judgment against the defendants pursuant to an order of the same court, dated November 20, 1995, which, *inter alia,* granted his motion for leave to enter judgment against the defendants upon their default in answering the complaint and (b) for leave to enter a default judgment against them, and denied their cross motion pursuant to CPLR 5015 (a) (4) to vacate the order dated November 20, 1995.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the order dated November 20, 1995, is vacated, and the complaint is dismissed.

The Supreme Court erred in denying the defendants' cross motion pursuant to CPLR 5015 (a) (4) to vacate their default in answering the complaint on the ground that the Supreme Court lacked jurisdiction. Generally, in order to avail oneself of "nail and mail" service pursuant to CPLR 308 (4), due diligence in attempting service pursuant to CPLR 308 (1) and (2) must be demonstrated (*see,* CPLR 308 [4]). In this action, however, the question of due diligence is academic. Since it is undisputed that the defendants did not reside at the address where personal service was attempted and the address was not alleged to be the defendants' place of business, any purported service pursuant to CPLR 308 was ineffective (*see,* CPLR 308; *see also, New York State Higher Educ. Servs. Corp. v Perchik,* 207 AD2d 1039, 1040; *Prochillo v Acker,* 108 AD2d 800, 801). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.