■ WILBER NATIONAL BANK, Respondent, v F & A INCORPORATED et al., Defendants, and ANGELO SQUILLANTE, Appellant. [753 NYS2d 209] —Kane, J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 11, 2002 in Otsego County, which denied defendant Angelo Squillante's motion to vacate a default judgment entered against him.

This action arises as a result of a series of loans totaling $410,000 which were made to defendant F&A Incorporated in 1996 and 1997 and which were allegedly guaranteed by, among others, defendant Angelo Squillante (hereinafter defendant). In June 1998, plaintiff commenced this action against defendants for failing to make payments due on the loans. At some point thereafter, plaintiff made and was granted an ex parte motion for an order of seizure. On October 22, 1999,* plaintiff entered a default judgment against defendants in the amount of $415,819.24. Thereafter, on May 31, 2001, defendant moved to vacate the default judgment. Supreme Court denied defendant's motion to vacate, prompting this appeal.

Although defendant raises several defenses, we find the primary issue on this appeal is whether plaintiff obtained personal jurisdiction over defendant. Defendant argues that plaintiff never obtained personal jurisdiction over him because the service employed here—by delivery of the summons with notice and order of seizure to Kelly Madison, a person of suitable age and discretion, at "50 Elm St. Richfield Springs, N.Y."—failed to satisfy the requirements of CPLR 308 (2). Upon our review of the record, we find merit to defendant's jurisdictional claim, since the affidavit of service, which plaintiff filed with Supreme Court with respect to the default judgment, is patently defective in several respects.

In his affidavit submitted in support of his motion to vacate, defendant alleges that he has never received a copy of the summons, complaint or the order of seizure and that he has

---

* There is no evidence in the record that defendant ever received notice of entry of the judgment.

never been employed at "50 Elm St. Richfield Springs, N.Y." The affidavit of service indicates that a summons with notice and the order of seizure was served upon defendant, by substituted service, but the notice failed to state the nature of the action, the relief sought, and the sum of money for which judgment may be taken in the case of default. Although the description in a notice need not be absolutely precise (*see Viscosi v Merritt*, 125 AD2d 814, 814), the complete absence of any notice is a jurisdictional defect (*see Premo v Cornell*, 71 AD2d 223, 224; *see also* CPLR 305 [b]), and that defect renders the summons insufficient not only for the purposes of taking a default judgment, but also to obtain jurisdiction over defendant (*see Parker v Mack*, 61 NY2d 114, 117-118). Furthermore, CPLR 308 (2), in relevant part, permits personal service on a natural person by delivering a copy of the summons to a person of suitable age and discretion at the actual place of business of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business in a specified manner. Absent from the affidavit was any indication that plaintiff complied with the mailing requirement. Absent proper service of process, a default judgment is a nullity (*see Matter of Liberty Mut. Ins. Co. [Markovich—Eagle Fuel Transp.—AIU Ins. Co.]*, 214 AD2d 734, 735). We further note that the filed complaint contains no allegations with respect to defendant.

Nor on this record can we find that the attorney affirmation sent to plaintiff's attorney constituted an appearance and a waiver of defendant's jurisdictional objections. Here, the record reveals that defendant's counsel sent a letter and an affirmation in opposition to the default and deficiency judgments sought by plaintiff. There is no evidence, however, that the affirmation was actually received by Supreme Court, notwithstanding the fact that in its decision on the motion to vacate the default judgment, Supreme Court found that defendant appeared by "[his] attorney." Significantly, the unamended order granting the entry of default judgment recited that there was no opposition to the motion and that there were no appearances on behalf of defendants. Assuming that the court had received defense counsel's affirmation, it erred in its finding that defendant never raised the question of jurisdiction. Although defense counsel's affirmation may have been inartfully drafted, it specifically alleges that defendant was never served with the summons and complaint in the underlying action. The record is devoid of any indication that the court, either by written decision or orally, addressed the question of defective service. Because we find that the record does not disclose that

Supreme Court had jurisdiction of defendant to enter a default judgment, defendant's motion is not time-barred nor is the original judgment res judicata. Under the circumstances, we find that defendant is entitled to vacatur of the default judgment. Having reached this determination, we decline to address the remaining issues raised in this appeal.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, default judgment against defendant Angelo Squillante vacated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.