■ YORAM BEN-AMRAM, Respondent, v MIRIAM HERSHOWITZ, Appellant. [789 NYS2d 313]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much an order of the Supreme Court, Kings County (Vaughan, J.), dated December 3, 2003, as granted her motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court entered October 23, 2002, upon her default in answering the complaint, only to the extent of allowing her to serve her answer but preventing her from asserting any affirmative defenses relating to, inter alia, personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the judgment entered October 23, 2002, is vacated, and the complaint is dismissed.

The Supreme Court erred in granting the defendant's motion pursuant to CPLR 5015 (a) (4) to vacate the judgment entered upon her default in answering the complaint only to the extent of allowing her to serve an answer but preventing her from asserting any affirmative defenses relating to, inter alia, personal jurisdiction (*see Community State Bank v Haakonson,* 94 AD2d 838, 839 [1983]; Siegel, NY Prac § 430, at 698 [3d ed]). Since it was undisputed that the defendant did not reside at the address where personal service was attempted, and the address was not alleged to be the defendant's place of business, any purported service pursuant to CPLR 308 was ineffective, and the complaint should have been dismissed (*see* CPLR 308; *Perdomo v Chau*

*Shing Wong,* 275 AD2d 357, 358 [2000]). H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.