OPINION OF THE COURT
Phillip R. Rtjmsey, J.
A judgment of foreclosure was granted on June 7, 2010 and a foreclosure sale was scheduled for August 30, 2010. By order to show cause signed on August 19, 2010, Paul V Panzanella (herein defendant) sought an order vacating the judgment of foreclosure and sale and permitting him to answer and defend the action. The order to show cause contained a temporary restraining order barring plaintiff and the referee from selling the property until further order of this court. By decision and order dated October 18, 2010, the court determined that a traverse hearing was necessary to determine whether defendant had been properly served with the summons and complaint. The hearing was held on December 20, 2010. The parties’ written post-hearing statements were submitted prior to the January 28, 2011 deadline which was established at the conclusion of the hearing upon consent of counsel.
Plaintiff submitted three affidavits showing service of the summons, complaint and notice of pendency upon defendant and his parents in Barefoot Bay, Florida on March 6, 2009 by a representative of the Brevard County Sheriffs office (plaintiffs exhibits 1-3).[1] As relevant here, one affidavit shows service upon defendant by personal delivery (plaintiffs exhibit 1) and another shows service upon Santina Panzanella, defendant’s mother, by delivery of a copy to defendant, identified as “parent” (plaintiffs exhibit 3). Plaintiff submitted an affidavit of service showing that copies of the summons, complaint and notice of pendency were mailed to Santina Panzanella at the Barefoot Bay, Florida address on March 16, 2009 (plaintiff s exhibit 4). All four affidavits of service were filed on March 19, 2009.
Defendant’s evidence, including his testimony, establishes that the summons and complaint could not have been served upon him by personal delivery on March 6, 2009 because he was in Amsterdam in the Netherlands on that date. Plaintiffs wit *509 ness, James Howard Cummings, Jr. — the contract process server for the Brevard County Sheriffs office who signed the sheriffs affidavits of service — was permitted to testify by telephone. On direct examination, he testified that he had no specific recollection of having served the three members of the Panzanella family; that he routinely completes affidavits of service at his home, based on notes taken at the time of service; and, further, that he could have transposed names when completing the affidavits of service. Based on this testimony, plaintiff now contends that defendant’s parents were served by personal delivery and that defendant was served, pursuant to CPLR 308 (2), by delivery of suitable copies to a person of suitable age and discretion — his mother, Santina Panzanella — followed by timely mailing to the Barefoot Bay, Florida address. Plaintiff argues that the court should order amendment of the sheriffs affidavit of service, pursuant to CPLR 305 (c), to reflect that copies of the summons, complaint and notice of pendency were delivered to Santina Panzanella for service upon defendant.
Even were the court to accept plaintiffs theory that a copy of the summons was delivered to defendant’s mother for service upon defendant, plaintiffs argument that defendant was served in accordance with CPLR 308 (2) is unavailing. It is well established that service must be made in strict compliance with statutory methods (see Macchia v Russo, 67 NY2d 592 [1986]; Wilber Natl. Bank v F & A Inc., 301 AD2d 706 [2003]; see also Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:l; cf. Ruffin v Lion Corp., 15 NY3d 578 [2010] [CPLR 2001 may be used only to cure technical infirmities in service that would not tend to affect the likelihood of delivery to the defendant, such as service by a person who would have been authorized to effect service in New York, but not in Pennsylvania, where personal delivery of process was actually made]).
Here, physical delivery of a copy of the summons to a person of suitable age and discretion was not made at defendant’s “actual place of business, dwelling place or usual place of abode,” as required by CPLR 308 (2) (see Wilber Natl. Bank, 301 AD2d at 706-707; Bednarczyk v Kiese, 188 AD2d 794 [1992]). The uncontroverted testimony of defendant establishes that he was living in New York City on March 6, 2009 — where he has lived since 2002 — and that he was employed at that time at the Manhattan office of Tommy Hilfiger — where he has worked since February 2003. Accordingly, the second residence *510 maintained by defendant’s parents in Barefoot Bay, Florida was neither his actual place of business, his actual dwelling place, nor his usual place of abode. Nor did the subsequent mailing that was addressed to Santina Panzanella — not defendant — at an address that was neither defendant’s last known residence nor his actual place of business comply with CPLR 308 (2), which requires that a copy of the summons be mailed “to the person to be served at his or her last known residence or . . .at his or her actual place of business” (see also Foster v Cranin, 180 AD2d 712 [1992]; Donaldson v Melville, 124 AD2d 361 [1986], lv denied 69 NY2d 604 [1987]).[2]
Inasmuch as defendant was not properly served with the summons, complaint and notice of pendency, the judgment of foreclosure taken against him by default must be vacated and the complaint dismissed. Although defendant does not specifically seek dismissal of the complaint — having moved only for an order vacating the judgment of foreclosure taken against him by default and permitting him leave to answer the complaint — it is apparent from the affidavit submitted in support of his motion that he sought vacatur of a default judgment based on the lack of personal jurisdiction (see affidavit of Paul V. Panzanella, sworn to Aug. 18, 2010, HIT 3, 5-13, 15). In such cases, the appropriate remedy is dismissal of the action — even if that relief is not specifically sought (see Electric Ins. Co. v Grajower, 256 AD2d 833, 834 [1998], lv dismissed 93 NY2d 848 [1999] [“Had defendant in fact sought vacatur based on lack of personal jurisdiction, the appropriate relief would have been dismissal of the action”]; see also Ben-Amram v Hershowitz, 14 AD3d 638 [2005]; Perdomo v Chau Shing Wong, 275 AD2d 357 [2000]; Ariowitsch v Johnson, 114 AD2d 184 [1986]; Community State Bank v Haakonson, 94 AD2d 838 [1983]; JP Morgan Chase Bank v Ohw, 20 Misc 3d 1126[A], 2008 NY Slip Op 51630[U] [2008]; see generally Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5015:9, at 220-221 [where jurisdiction is lacking, the court may only vacate the judgment and dismiss the complaint]; Siegel, NY Prac § 430, at *511 755 [5th ed] [motion under CPLR 5015 (4) “seeks to vacate the judgment and dismiss the underlying action altogether”]).
Based on the foregoing, defendant’s motion is granted; the judgment of foreclosure is vacated; the referee is discharged from any further duty thereunder; the complaint is dismissed; the notice of pendency is canceled and the Cortland County Clerk is directed to mark it accordingly; the receiver’s duties to manage the property and collect the rents therefrom in accordance with the orders dated May 18, 2010 and December 23, 2010 are hereby terminated; and the receiver is directed to submit her account to the court — which shall include her request for compensation, in accordance with CPLR 8003 — on notice to the parties, on or before July 15, 2011. The parties shall submit any objections to the account to the court, on notice to the other party and to the receiver, on or before August 5, 2011.

. Defendant’s parents, Vittorio Panzanella and Santina Panzanella, were also originally named as defendants in this action. They answered without asserting a defense founded upon lack of personal jurisdiction. By prior decision, order and interlocutory judgment, the court determined that they are not necessary parties to the action and dismissed the complaint against them.

. Nor would a power of attorney appointing Santina Panzanella as defendant’s agent with respect to management of the property constitute her designation as defendant’s agent for the service of process (see CPLR 318; Bednarczyk, 188 AD2d at 795). Moreover, that defendant may have received actual notice of the action does not subject him to the court’s jurisdiction, in light of plaintiffs failure to show compliance with a statutorily prescribed method of service (see Macchia, 67 NY2d at 595; Donaldson, 124 AD2d at 362).