■ GERALDINE CARR MCCONNELL, Individually and as Administratrix of the Estate of GEREMY MCCONNELL, Respondent, v HIRAM SANTANA et al., Appellants, et al., Defendants. [928 NYS2d 348]—

By summons and complaint dated May 23, 2002, the plaintiff commenced this action to recover damages, inter alia, for the wrongful death of her son who was killed when the rear wheel of a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA) and operated by the defendant Hiram Santana ran over him after he apparently fell off a bicycle he was riding alongside the bus on Hylan Boulevard in Staten

Island. An answer was served by attorney Wallace D. Gossett on behalf of the NYCTA and the Metropolitan Transit Authority (hereinafter the MTA), but Santana failed to answer or move to dismiss the complaint.

Thereafter, the plaintiff moved pursuant to CPLR 3215 (a) for leave to enter a judgment against Santana based upon his failure to appear or answer the complaint. The unopposed motion was supported by an affidavit of service of a process server who swore that he served Santana on June 12, 2002, by personally delivering the summons and complaint to Santana's mother, Mary Santana, a person of suitable age and discretion, at Santana's residence, and by mailing a copy to Santana at the same address. In an order dated December 2, 2002, the Supreme Court granted the motion as unopposed and held further proceedings against Santana in abeyance pending a trial in the action against the remaining defendants.

On February 11, 2003, the defendants moved pursuant to CPLR 2005 and 5015 (a) (1) and (4) to vacate Santana's default on the ground that the Supreme Court lacked personal jurisdiction over him and, in any event, that he had a reasonable excuse for his default and a potentially meritorious defense. In support of the motion, an associate of Wallace D. Gossett submitted an affirmation stating that she was assigned the case, but because of law office failure, was not made aware of the motion for leave to enter a judgment against Santana in time to oppose the motion; that, as the bus driver employed by the NYCTA, Santana would be represented by counsel representing the NYCTA, but that Santana was never served with the summons and complaint and, therefore, there was no obligation to interpose an answer on Santana's behalf; and that Santana had a potentially meritorious jurisdictional defense. Santana submitted an affidavit averring that he was never personally served with the summons and complaint, that he lived alone and there was no female at his home on June 12, 2002, and that his mother's name was not Mary Santana. On May 27, 2003, a hearing to determine the validity of service of process was conducted. In an order dated June 13, 2003, the Supreme Court summarily granted the motion as follows: "Motion No. 002 to vacate a default is granted." Following a jury trial, judgment was entered in favor of the plaintiff and against the defendants, and the defendants moved, inter alia, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment insofar as asserted against Santana on the ground that the court lacked jurisdiction to render a judgment against him.

If, as the appellants contend, the Supreme Court had found

after the hearing that Santana had not been properly served, it would have had no authority to take any action other than to dismiss the complaint insofar as asserted against him (*see Ben-Amram v Hershowitz*, 14 AD3d 638 [2005]; *Perdomo v Chau Shing Wong*, 275 AD2d 357 [2000]; *Community State Bank v Haakonson*, 94 AD2d 838 [1983]). However, the Supreme Court did not dismiss the complaint insofar as asserted against Santana. Therefore, in effect, the Supreme Court found that service was properly effected.

The parties' remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur. **[Prior Case History: 2009 NY Slip Op 33199(U).]**