Matter of William A. (Jessica F.) (2021 NY Slip Op 01580)





Matter of William A. (Jessica F.)


2021 NY Slip Op 01580


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


193 CAF 19-02012

[*1]IN THE MATTER OF WILLIAM A., III ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; JESSICA F., RESPONDENT-APPELLANT, AND WILLIAM A., JR., RESPONDENT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered September 27, 2019 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent Jessica F. had neglected the subject child. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the petition is dismissed against respondent Jessica F.
Memorandum: On appeal from an order of fact-finding and disposition that, inter alia, determined that she neglected the subject child, respondent mother contends that she was not properly served with the petition and that, as a result, Family Court erred in denying her motion to dismiss the petition against her for lack of personal jurisdiction. We agree with the mother and conclude that she was not properly served. We therefore reverse the order insofar as appealed from, grant the motion, and dismiss the petition against the mother.
After being unable to locate the mother to deliver the summons and petition to her personally (see generally Family Ct Act § 1036 [b]), petitioner applied for an order permitting substituted service (see generally § 1036 [d]). In support of that application, petitioner submitted a number of documents listing various addresses for the mother. Although the court initially denied the application, the court later issued an order permitting service pursuant to CPLR 308 (4) at a particular residence after petitioner submitted a "diligence of effort affidavit." That residence was not one of the residences listed in the documents submitted by petitioner.
Despite the order permitting service pursuant to CPLR 308 (4), petitioner thereafter attempted to serve the mother pursuant to CPLR 308 (2) by serving a person over the age of 18 at the address listed in that order, i.e., the alleged "dwelling house or usual place of abode" of the mother, and thereafter mailing the documents "by prepaid, first class mail." The affidavit of service does not identify the address used for the mailing.
The mother's attorney moved to dismiss the petition against the mother for lack of personal jurisdiction, contending, inter alia, that the mother never lived at the residence where service was attempted and that the affidavit of service failed to identify the address to which the documents were mailed. We conclude that the court erred in denying the mother's motion.
Regardless of whether service was made pursuant to CPLR 308 (2) or (4), both [*2]subdivisions require that the initial act, i.e., the delivery or affixing of the summons, respectively, be made at the party's "actual . . . dwelling place or usual place of abode" (CPLR 308 [2], [4]). A " 'dwelling place' is one at which the [party to be served] is actually residing at the time of delivery. . . [, and] [t]he 'usual place of abode' is a place at which the [party] lives with a degree of permanence and stability and to which he [or she] intends to return" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 777 [2d Dept 2017]). Both subdivisions thereafter require the requisite documents to be mailed to the party's "last known residence or . . . actual place of business" (CPLR 308 [2], [4]). Jurisdiction is not acquired pursuant to CPLR 308 (2) or (4) unless there has been strict compliance with "both the delivery and mailing requirements" (CitiMortgage, Inc. v Twersky, 153 AD3d 1230, 1232 [2d Dept 2017] [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762 [2d Dept 2019]).
"While the ultimate burden of proof rests with the party asserting jurisdiction, . . . [a] plaintiff[] in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the [court]" (Cornely v Dynamic HVAC Supply, LLC, 44 AD3d 986, 986 [2d Dept 2007]; see Constantine v Stella Maris Ins. Co., Ltd., 97 AD3d 1129, 1130 [4th Dept 2012]). Although " '[o]rdinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served . . . , a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit' " (Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1659 [4th Dept 2017]). In addition, it is well settled that a defect in service cannot be cured by a party's actual notice of the commencement of an action or proceeding (see Feinstein v Bergner, 48 NY2d 234, 241 [1979]).
In our view, petitioner failed in the first instance to establish that the documents were mailed to the mother's " 'last known
address' " inasmuch as "[t]he affidavit of service says that the [papers] were mailed [by prepaid, first class mail] . . . , without identifying th[e] address" to which they were mailed (Deutsche Bank Natl. Trust Co. v Ferguson, 156 AD3d 460, 461 [1st Dept 2017]; see Wells Fargo Bank, N.A., 176 AD3d at 763). In any event, even assuming, arguendo, that the process server's affidavit was sufficient to create the presumption of valid service, we conclude that the mother's submissions were sufficient to rebut that presumption.
The mother's attorney submitted an affidavit from his legal assistant establishing that the person who accepted service mistakenly thought the papers were for his daughter, who shared the same first name as the mother. That person also informed the legal assistant that the mother had never resided at that address and that the mother's father, with whom petitioner believed the mother was residing, "had moved out of the home months earlier." We thus conclude that the mother rebutted any presumption that she was properly served at her "actual place of business, dwelling place or usual place of abode so as to satisfy the requirements of CPLR 308 (2) [or (4)]" (Prochillo v Acker, 108 AD2d 800, 802 [2d Dept 1985], lv denied 66 NY2d 603 [1985]; see generally Ben-Amram v Hershowitz, 14 AD3d 638, 638 [2d Dept 2005]). Additionally, we note that petitioner's own submissions in the application for an order of substituted service raise a question whether the mother ever resided at the address listed in the affidavit of service inasmuch as that address was not among the numerous identified addresses for her.
In view of our determination, we do not address the mother's remaining contentions.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court