■ EDWIN L. SEMLER et al., Respondents, v COUNTY OF MONROE et al., Appellants. — Order unanimously reversed, without costs, and defendant's motion granted. Memorandum: In an action grounded on the wrongful withholding of information as to plaintiffs' right to receive an adoption subsidy, and failing to pay the subsidy, defendants County of Monroe and the Monroe County Department of Social Services (Monroe) appeal from a denial of their motion to serve a late answer and a cross claim, and from the granting of plaintiffs' cross motion for a default judgment. The summons and complaint

were served on defendants on January 29, 1982 and the answers of Monroe were served by mail on February 25, 1982. After the answer was rejected by plaintiffs on March 1, 1982, Monroe made the motion under review by order to show cause granted on March 4, 1982. The Niagara County defendants' time to answer did not expire until March 9, 1982. We treat Monroe's motion as equivalent to an application to extend the time to answer and hold that the principles expressed in *A & J Concrete Corp. v Arker* (54 NY2d 870) are applicable. After considering all the circumstances in this case we conclude that Special Term abused its discretion in denying Monroe's motion and granting plaintiffs' motion. Monroe was not indifferent to the lawsuit, promptly moved to require plaintiffs to accept the answer and indicated its intent to defend the action before plaintiffs cross-moved for a default judgment. There is no claim of prejudice by the plaintiffs and Monroe's moving papers tender competent evidence of merit to its defenses. The lawsuit undoubtedly continues against the Niagara defendants. A seven-day delay, which was not willful and cannot be described as lengthy, is hardly justification for entering a default judgment. (Appeal from order of Supreme Court, Monroe County, Curran, J. — default judgment.) Present — Simons, J. P., Hancock, Jr., Doerr, Boomer and Schnepp, JJ.