■ GENERAL ACCIDENT GROUP, as Subrogee of MARY A. ARNOLD, Respondent, v RONALD M. SCOTT, Appellant, et al., Defendant. — Order unanimously reversed, without costs, and defendant Scott's motion granted. Memorandum: Plaintiff commenced this action against defendants Shay and Scott for property damage caused by the negligent operation of a motor vehicle operated by Shay and owned by Scott. Plaintiff served Scott with a summons and complaint on September 29, 1982, which Scott thereafter forwarded to his insurance carrier. On November 19, 1982 a representative of Scott's insurer notified Scott's counsel that he had inadvertently failed to contact plaintiff's attorney to request an extension of time in which to file an answer and that when the representative did contact plaintiff's attorney, the request for an extension was denied. On that same day an answer was prepared and served upon plaintiff's attorney. Plaintiff's attorney rejected the answer on November 22, 1982. On November 24, 1982 an order to show cause was signed seeking an order pursuant to CPLR 2004 allowing Scott an extension of time in which to serve his answer. Thereafter, plaintiff cross-moved for a default judgment. An affidavit of Scott and a copy of Shay's record of conviction for the unauthorized use of a motor vehicle in connection with this incident, together with an affidavit of Scott's attorney, were submitted in support of defendant's motion. Special Term denied defendant's motion and granted plaintiff's cross motion for a default judgment. A court enjoys a broader range of discretion when considering a motion for an extension of time where, as here, it precedes an application for a default judgment (see *Wrye v Ciba-Geigy Corp.*, 92 AD2d 341; *Semler v County of Monroe*, 90 AD2d 689; cf. *A & J Concrete Corp. v Arker*, 54

NY2d 870; *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900). It is within the court's discretion to grant an extension of time in which to interpose an answer where it is established that the delay was neither willful, lengthy, nor prejudicial and the moving party supplies the court with an affidavit of merit (*A & J Concrete Corp. v Arker, supra*). Here, the 30-day delay in serving an answer was not shown to have been either willful or lengthy. Further, no claim of prejudice has been made by plaintiff and Scott's moving papers are sufficient to demonstrate the merit of his defense. After considering all the circumstances presented in this case, we conclude that Special Term abused its discretion in denying Scott's motion for an extension of time and in granting plaintiff a default judgment. (Appeal from order of Supreme Court, Monroe County, Smith, J. — serve answer, default judgment.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.