■ BPS MANAGEMENT CORPORATION, Respondent, v NEW YORK TITLE INSURANCE COMPANY, Formerly Known as ALBANY TITLE INSURANCE COMPANY, Appellant.—Casey, J. Appeals (1) from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered November 30, 1984 in Albany County, which denied defendant's motion to compel acceptance of its answer and granted plaintiff's cross motion for judgment by default, and (2) from an order of said court, entered April 26, 1985 in Albany County, which denied defendant's motion for renewal and reargument.

On or about December 2, 1960, defendant issued a title insurance policy in the sum of $10,500 on plaintiff's purchase of two separate parcels of land consisting of about 45 acres. The policy insured that plaintiff would receive "fee title" to the property. When plaintiff discovered that its title was the unexpired term of a 2- to 1,000-year tax lease, it instituted an action pursuant to RPAPL article 15 to perfect title. That action resulted in judgment being granted to plaintiff on March 24, 1980. Thereafter, due to the counsel fees and other expenses incurred, plaintiff commenced this action against defendant by service of a summons and complaint on the State Insurance Department on June 15, 1984. Plaintiff's counsel extended defendant's time to answer until July 25, 1984. Defendant did not serve its answer until July 30, 1984 and plaintiff's counsel returned it as untimely. Thereupon, defendant moved to compel acceptance of its answer. Plaintiff cross-moved for judgment by default. Special Term denied defendant's motion and granted plaintiff's cross motion for judgment in the sum of $10,500 and, thereafter, denied defendant's motion to renew and reargue. Defendant appeals from the original order and the order denying renewal and reargument.

In these circumstances, Special Term abused its discretion in granting plaintiff's motion for judgment by default. The delay herein was only five days and, when its answer was refused, defendant moved expeditiously to compel acceptance. In regard to a meritorious defense, the policy sued upon required the insured to notify defendant of any claim so that it might have the opportunity to determine the best course to correct a defect in title. Plaintiff failed to comply and brought an action on its own. These factors indicate some merit in defendant's defense. There is no indication here of prejudice to plaintiff. Given the public policy favoring the resolution of cases on the merits, Special Term should have denied plaintiff's cross motion and granted the motion of defendant to compel acceptance of its answer (see, Smith v Waldbaum's Supermarket, 99 AD2d 530; Semler v County of Monroe, 90 AD2d 689, 690). The order entered November 30, 1984 should be reversed. The appeal from the order entered April 26, 1985 should be dismissed.

Order entered November 30, 1984 reversed, on the law and the facts, with costs, motion granted and cross motion denied.

Appeal from order entered April 26, 1985 dismissed, as academic, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.