■ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v JOSEPH PALMERI, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Kahn, J.), entered January 2, 1990 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment.

The threshold question presented on this appeal is whether Supreme Court properly found that personal jurisdiction was acquired over defendant in this action brought to recover moneys allegedly due plaintiff upon defendant's default in payment under the provisions of a student loan agreement.

In our view the affidavits of defendant raise a question of fact as to whether defendant was personally served with the summons and complaint on February 13, 1989 at his Brooklyn residence as alleged in the affidavit of the process server. Defendant's answer interposed the defense of a general denial and separate affirmative defenses of lack of personal jurisdic-

tion over defendant and that the claim is barred by expiration of the six-year Statute of Limitations. Subsequently, defendant moved for dismissal based on the expiration of the Statute of Limitations. Plaintiff cross-moved for summary judgment on the merits and for dismissal of the affirmative defense of lack of personal jurisdiction and the bar of the Statute of Limitations. Plaintiff also requested that counsel fees be assessed and awarded pursuant to the provisions of the student loan agreement. Supreme Court found that the action was timely commenced and that personal jurisdiction was acquired. It assessed and awarded counsel fees in the amount of $1,300. This appeal ensued.

Defendant asserts in his affidavits that he received the summons and complaint herein by mail on March 29, 1989, that he was never personally served with the summons, that the person described as being served in the affidavit of the process server was "obviously not me". Defendant further asserted that "[t]he affidavit of service is totally false. On the date, I was allegedly served, I was in Florida. Annexed are copies of my airplane tickets which clearly show that I boarded an airplane in Fort Lauderdale at 5:40 p.m. on February 13, 1989, approximately the time I was allegedly served." While the documentary evidence of defendant's alleged presence in Florida may be viewed as equivocal and questionable support for defendant's position that he was not at his residence at the time the process server alleged, nevertheless his opposing affidavits create a credibility issue which should be resolved at a traverse hearing (see, Dzembo v Goran, 163 AD2d 723; see also, Anello v Barry, 149 AD2d 640, 641; Anton v Amato, 101 AD2d 819, 820).

Plaintiff's argument that personal service was made upon defendant under CPLR 308 (2) in that the summons and complaint were left at his residence as alleged by the process server on February 13, 1989 and that thereafter on March 11, 1989 a copy of the summons and complaint were mailed to him at his residence, which he admittedly received, fails because the mailing was made 26 days after the service at his residence rather than the required 20 days (see, CPLR 308 [2]) and such service was made with the intent of complying with the notice of default provisions of CPLR 3215 (f) (3) (i) (according to the affidavit of the person who did the mailing). The statutory requirements relating to personal service are to be strictly followed (see, Macchia v Russo, 67 NY2d 592; Biological Concepts v Rudel, 159 AD2d 32; see also, Furey v Milgrom, 44 AD2d 91, 92-93, lv denied 34 NY2d 517).

Order modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's cross motion for summary judgment; said cross motion denied; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.