■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v HANDEL S. FERGUSON, Respondent, et al., Defendants. [64 NYS3d 887]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered September 23, 2015, which, upon defendant Ferguson's motion, vacated the judgment of foreclosure and sale and the notice of pendency filed October 13, 2009, canceled the auction sale, and dismissed the complaint without prejudice to renewal, unanimously affirmed, with costs.

Defendant established his entitlement to vacatur of the judgment of foreclosure and sale by showing that he was not properly served with the summons and complaint in this action (CPLR 308 [2]) and that therefore the court lacked jurisdiction to render the judgment (CPLR 5015 [a] [4]). In opposition to plaintiff's prima facie showing of proper service, defendant raised an issue of fact as to the veracity of the affidavit with respect to personal delivery (*see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459 [1st Dept 2004]). While defendant's showing would otherwise require a traverse hearing (*id.*), it also demonstrated as a matter of law that the mailing component of CPLR 308 (2) was not strictly complied with (*see Gray-Joseph v Shuhai Liu*, 90 AD3d 988, 989 [2d Dept 2011]). The affidavit of service says that the summons and complaint were mailed to defendant's "last known address," without identifying that address. The terms of the mortgage require that notices to defendant be sent to the address of the mortgaged property, unless defendant gives plaintiff notice of a different address. There is no evidence in the record that defendant ever gave plaintiff notice of a different address (*see Washington Mut. Bank v Murphy*, 127 AD3d 1167, 1175 [2d Dept 2015]). Concur—Tom, J.P., Gische, Oing and Singh, JJ.