Wells Fargo Bank, N.A. v Heaven (2019 NY Slip Op 07109)





Wells Fargo Bank, N.A. v Heaven


2019 NY Slip Op 07109


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10187
 (Index No. 18968/10)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Julian Heaven, appellant, et al., defendants.


Altman Schochet LLP, New York, NY (Irena Shternfeld of counsel), for appellant.
Bradshaw Law Group, P.C., New York, NY (Diane Bradshaw of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Julian Heaven appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 30, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate (1) so much of an order dated December 2, 2013, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment and an order of reference, entered upon his failure to appear or answer the complaint, and (2) an order and judgment of foreclosure and sale dated October 11, 2016, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order dated August 30, 2017, is reversed, on the law, with costs, and the motion of the defendant Julian Heaven pursuant to CPLR 5015(a)(4) to vacate (1) so much of the order dated December 2, 2013, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment and an order of reference, entered upon his failure to appear or answer the complaint, and (2) an order and judgment of foreclosure and sale dated October 11, 2016, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is granted.
In July 2010, the plaintiff commenced this action against the defendant Julian Heaven (hereinafter the defendant), among others, to foreclose a mortgage on certain property in Springfield Gardens (hereinafter the premises). The defendant failed to appear or answer the complaint. By order dated December 2, 2013, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment and an order of reference. In an order dated February 4, 2015, the court, among other things, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. In an order and judgment of foreclosure and sale dated October 11, 2016, the court granted the plaintiff's motion to confirm the Referee's report and for a judgment of foreclosure and sale, and directed the sale of the premises. In July 2017, the defendant moved pursuant to CPLR 5015(a)(4) to vacate so much of the order dated December 2, 2013, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment and an order of reference, and the order and judgment of foreclosure and sale, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The court [*2]denied the defendant's motion, and the defendant appeals.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 883; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174). CPLR 308(2) authorizes service, inter alia, by delivery of the summons and complaint within the state to a person of suitable age and discretion at the defendant's dwelling place and by mailing the summons to the defendant's last known residence (see Citibank, N.A. v Balsamo, 144 AD3d 964, 964; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343). The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process (see U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988; Frankel v Schilling, 149 AD2d 657, 659). "[T]he failure to serve process in an action leaves the court without personal jurisdiction, . . . and all subsequent proceedings are thereby rendered null and void" (McMullen v Arnone, 79 AD2d 496, 499; see Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889).
Personal jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been complied with (see Josephs v AACT Fast Collections Servs., Inc., 155 AD3d 1010, 1012; Washington Mut. Bank v Murphy, 127 AD3d at 1174-1175; Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 878; Gray-Joseph v Shuhai Liu, 90 AD3d 988, 989). The mailing requirement of CPLR 308(2) is to be strictly construed (see Citibank v Harris, 264 AD2d 377, 377).
Here, in the affidavit of service, the process server failed to indicate that the summons and complaint were mailed to the defendant's last known residence, as required by CPLR 308(2), or even to what address the papers were mailed (see Deutsche Bank Natl. Trust Co. v Ferguson, 156 AD3d 460, 461). In opposition to the defendant's motion, the plaintiff offered no further evidence of compliance with the mailing requirement of CPLR 308(2).
In view of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 5015(a)(4) to vacate so much of the order dated December 2, 2013, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment and an order of reference, and the order and judgment of foreclosure and sale, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him (see Deutsche Bank Natl. Trust Co. v Ferguson, 156 AD3d at 461; Washington Mut. Bank v Murphy, 127 AD3d at 1174-1175).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court