Preferred Mut. Ins. Co. v DiLorenzo (2020 NY Slip Op 02845)





Preferred Mut. Ins. Co. v DiLorenzo


2020 NY Slip Op 02845


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

529478

[*1]Preferred Mutual Insurance Company, Respondent,
v
Jonathan DiLorenzo, Appellant, et al., Defendants.

Calendar Date: March 24, 2020

Before: Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Sobo & Sobo, LLP, Middletown (Mark P. Cambareri of counsel), for appellant.
Brand & Tapply, LLC, New York City (Courtney J. Lyons of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Burns, J.), entered February 19, 2019 in Chenango County, which, among other things, granted plaintiff's motion for a default judgment.
On October 28, 2017, defendant Jonathan DiLorenzo (hereinafter defendant) was a passenger in a vehicle when the vehicle was involved in an accident. As a result of the accident, defendant sought medical treatment for lower back pain and injuries to his knees and teeth. Once defendant informed plaintiff, the vehicle owner's insurer, of his intent to submit a claim for supplemental uninsured/underinsured motorist coverage, plaintiff commenced an investigation pursuant to the terms of its insurance policy. As part of the investigation, defendant participated in an examination under oath, wherein he admitted that, prior to the accident, he sought medical treatment for an injury to his right knee and chiropractic adjustment for back pain, and that he participated in mixed martial arts competitions. Despite numerous requests, defendant failed to produce medical records and to authorize plaintiff access to his preaccident medical and dental records. Ultimately, plaintiff denied defendant's claim for no-fault benefits as a result of defendant's breach of the duty to cooperate in the investigation and material misrepresentations regarding the nature and extent of defendant's injuries, and because his injuries did not arise from the use or operation of the motor vehicle.
In October 2018, plaintiff commenced this action against, among others, defendant, asserting causes of action for breach of contract, fraud and a declaratory judgment, and seeking compensation for the costs involved in investigating the claim. Defendant was served, by way of CPLR 308 (2), on November 27, 2018 and plaintiff filed an affidavit of service on November 30, 2018. Shortly after filing the summons and complaint, plaintiff moved, by order to show cause, for a preliminary injunction and a temporary restraining order, enjoining all current or future litigation and arbitration proceedings concerning requests for no-fault benefits arising from the accident. In November 2018, Supreme Court granted plaintiff's motion. In doing so, it declined to consider defendant's opposition papers, on the ground that they were neither properly nor timely filed in the court electronic filing (hereinafter e-filing) system.
On January 4, 2019, plaintiff moved for a default judgment against all defendants. On January 17, 2019, one week past his 30-day allowance to do so,[FN1] defendant filed his answer. Defendant opposed plaintiff's motion and cross-moved to dismiss the complaint against him for lack of personal jurisdiction. He also sought leave to renew and vacate Supreme Court's November 2018 order granting plaintiff's motion for the preliminary injunction. Supreme Court granted plaintiff's motion for a default judgment, finding that plaintiff effected proper service upon defendant, that defendant did not timely answer and defendant failed to demonstrate a valid reason for the late filing. The court also summarily denied defendant's cross motion to renew and vacate the November 2018 order, finding that it was not made within 30 days of entry of that order. Defendant appeals.
Defendant contends that Supreme Court did not have personal jurisdiction over him to render a default judgment since plaintiff failed to sufficiently prove service of process. Service of process upon a natural person must be made in strict compliance with the methods set forth in CPLR 308. Failure to serve process leaves the court without personal jurisdiction over a defendant. "As a general proposition, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Carver Fed. Sav. Bank v Shaker Gardens, Inc., 135 AD3d 1212, 1213 [2016] [internal quotations and citations omitted]). The affidavit of service reflects that the Orange County Sheriff left the summons and complaint with defendant's grandmother at 16 Strack Road in the Town of Goshen, Orange County, followed by mailing, that same day, a copy of the summons to the same address. Defendant does not deny that his grandmother was served nor does he claim that the address was not proper or that he did in fact receive the pleadings. Instead, in a conclusory fashion, defendant states that he "currently resides in Middletown, NY" without specifying an address or providing any proof of his residence. Defendant "failed to adequately rebut the presumption of proper service created by the affidavit of service" (Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1170 [2012]), as this "bare claim
. . . is not a detailed and specific contradiction of the allegations in the process server's affidavit" (id. at 1171). We therefore agree with Supreme Court that service was proper, and the court acquired jurisdiction over defendant.
Next, defendant alleges that plaintiff's motion for a default judgment should have been denied because plaintiff failed to provide the requisite notice pursuant to CPLR 3215 (g) (1) and (3), the delay in serving the answer was short and plaintiff did not suffer any prejudice. Initially, we find that plaintiff complied with the requisite notice pursuant to CPLR 3215 (g) (1). The statute requires that any defendant who has appeared is entitled to at least five days' notice of the time and place of the application. Plaintiff served counsel with notice of the default judgment on January 4, 2019, 21 days prior to the application being heard. Further, defendant's contention that additional notice was required pursuant to CPLR 3215 (g) (3) is without merit. As provided in the statute, notice is required if the "action is based upon nonpayment of a contractual obligation" (CPLR 3215 [g] [3]). The instant action is one for breach of contract, fraud and a declaratory judgment, and plaintiff seeks compensation for fees involved in investigating the claim. As this is not an action for nonpayment of a contractual obligation, such additional notice was not required (see Basile v Mulholland, 73 AD3d 597, 597 [2010]).
Plaintiff demonstrated entitlement to a default judgment by submitting proof of service upon defendant, the facts supporting its claim and defendant's default (see Dayco Mech. Servs., Inc. v Toscani, 94 AD3d 1214, 1214 [2012]). However, under the circumstances, Supreme Court abused its discretion in granting plaintiff's motion for a default judgment. Although defendant's motion papers lacked specific details of the underlying circumstances for the delay, the delay herein was de minimis — one week — and should be excused (see Bank of N.Y. Mellon v Jinks, 127 AD3d 1367,1368-1369 [2015]; Heinrichs v City of Albany, 239 AD2d 639, 640 [1997]). Defendant timely opposed the motion, offering a meritorious defense. There is no indication that the default was willful or that plaintiff was prejudiced as a result of the late answer. Moreover, defendant appeared in the action when he opposed plaintiff's motion for a preliminary injunction and temporary restraining order. Public policy favors the resolution of cases on the merits (see Watson v Pollacchi, 32 AD3d 565, 565 [2006]; BPS Mgt. Corp. v New York Tit. Ins. Co., 115 AD2d 921, 922 [1985]).
Lastly, defendant contends that Supreme Court erred in denying his cross motion to renew as untimely. We agree. Supreme Court confused the cross motion to renew with a motion to reargue and summarily denied it since it was not made within 30 days. This time period applies solely to motions to reargue (see CPLR 2221 [d] [3]; Redeye v Progressive Ins. Co., 158 AD3d 1208, 1208 [2018]). Defendant argues that his opposition papers to plaintiff's order to show cause seeking the preliminary injunction should have been considered by the court as he had not consented to e-filing, he timely mailed the documents pursuant to the instructions set forth in the order to show cause and he recently obtained his medical records, which were not available at the time of the return date on the order to show cause. "A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Matter of Karnofsky [New York State Dept. of Corr. & Community Supervision], 125 AD3d 1198, 1200 [2015]). Pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 202.5-bb (a) (1), mandatory e-filing may only be imposed "in such classes of actions and such counties as shall be specified by Order of the Chief Administrator of the Courts." On October 12, 2017, the Chief Administrative Judge issued Administrative Order 294/18, which stated that Chenango County — the county in which this action was commenced — was a "consensual or voluntary e-filing county only." As such, it did not impose mandatory e-filing in any type of case.
Moreover, in all cases, "[a] clerk shall not refuse to accept for filing any papers presented for that purpose except where specifically directed to do so by statute or rules promulgated by the [C]hief [A]dministrator of the [C]ourts" (CPLR 2102 [c]). Under the consensual e-filing rules, which applied in this case, a party that has not consented to e-filing must serve their papers via a hard copy (see Rules of Chief Admin of Cts [22 NYCRR] § 202.5-b [b] [2] [i]). Defendant diligently attempted to file his opposition in a timely manner. However, those papers were not considered by Supreme Court. Additionally, counsel averred that defendant's medical records were not available at the time of plaintiff's order to show cause and, as they demonstrate evidence of defendant's injuries, they were pertinent thereto. Defendant has provided reasonable justification for failing to submit the additional facts in his opposition to plaintiff's order to show cause (see Mula v Mula, 151 AD3d 1326, 1327 [2017]; Premo v Rosa, 93 AD3d 919, 921 [2012]. In view of the foregoing, Supreme Court abused its discretion in granting plaintiff's motion for default judgment and denying defendant's cross motion to renew and vacate the November 28, 2018 order.
Egan Jr., J.P., Lynch and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, plaintiff's motion for a default judgment denied, defendant Jonathan DiLorenzo's cross motion to renew/vacate granted, the preliminary injunction stayed and matter remitted to the Supreme Court to consider said defendant's opposition papers with respect to plaintiff's motion for a preliminary injunction.



Footnotes

Footnote 1: As defendant was served pursuant to CPLR 308 (2), service is not complete until 10 days after the filing of proof of service. As plaintiff filed the affidavit of service on November 30, 2018, service was complete on December 10, 2018, giving him 30 days after that date to answer.