**D'Angelo v Kwoka**

2024 NY Slip Op 34273(U)

December 3, 2024

Supreme Court, New York County

Docket Number: Index No. 654233/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 45

------------------------------------------------------------------------X

DIANE D'ANGELO, ON BEHALF OF ESME
DESIGNS, LLC,

| | |
|---|---|
| **INDEX NO.** | 654233/2024 |
| **MOTION DATES** | 10/11/2024, 10/28/2024 |
| **MOTION SEQ. NOS.** | 001, 002 |

Plaintiff,

- v -

MARK J. KWOKA, MARK P. KWOKA, ESME
PRIVATE LABEL, LLC

Defendants.

**DECISION + ORDER ON MOTIONS**

------------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14–19 were read on this motion to/for JUDGMENT – DEFAULT.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22–25, 27–28 were read on this motion to/for JUDGMENT – DEFAULT.

Relevant Factual and Procedural History

The present matter arises from Defendants' alleged appropriation of the Plaintiff's assets. NYSCEF Doc. No. 1 (Compl.). Plaintiff Diane D'Angelo ("Plaintiff") is a natural person and the manager of Plaintiff Esme Designs, LLC ("Esme Designs"). *Id.* at 15. Plaintiff Esme Designs is a Florida Limited Liability Company with its principal place of business in Tennessee. *Id.* at ¶ 3. Defendant Mark J. Kwoka ("Kwoka Sr.") is a natural person residing in Florida and a "unit holder" in Defendant Esme Private Label, LLC ("Private Label"). *Id.* at ¶ 4. Defendant Mark P. Kwoka ("Kwoka Jr.") is Defendant Kwoka Sr.'s son, a natural person, and an employee and "unit holder" in Defendant Private Label. *Id.* at ¶ 5–6. Non-Party Phillip Kwoka ("Phillip") is another son of Defendant Kwoka Sr. and the final "unit holder" in Defendant Private Label. *Id.* at ¶ 5. Defendant Private Label is a New York Limited Liability Company with its principal place of business in New York. *Id.* at ¶ 5.

In October 2018, Plaintiff met Defendant Kwoka Sr. at a trade show in New York where she was displaying Plaintiff's personally designed wedding dresses under the brand name "Lasting Memories." *Id.* at ¶ 8–9. Defendant Kwoka Sr. told Plaintiff that he specialized in cost efficient production and that he had previously worked with Vera Wang and similar popular creators in the wedding dress sector. *Id.* at ¶ 10. Defendant Kwoka Sr. informed Plaintiff that he could decrease Plaintiff's production costs. *Id.* Plaintiff agreed to have Defendant Kwoka Sr. produce four of her designs. *Id.* at ¶ 11. In November 2018, Plaintiff met Defendant Kwoka Sr. at a factory in China

654233/2024 DIANE D'ANGELO, ON BEHALF OF ESME DESIGNS, LLC vs. KWOKA, MARK J. ET AL
Motion Nos. 001, 002

Page 1 of 7

1 of 7

wherein Plaintiff received samples of the four designs Plaintiff agreed that Defendant Kwoka Sr. would produce. *Id.* at ¶ 12. Plaintiff paid for Defendant Kwoka Sr.'s services with the understanding that a portion would be used to pay the factory and another portion would be paid to Defendant Kwoka Sr. *Id.* Plaintiff subsequently contacted her customers and began receiving orders for the dresses. *Id.* at ¶ 13. Plaintiff contacted Defendant Kwoka Sr. and arranged to have the dresses produced by Defendant Kwoka Sr. in exchange for a monetary payment. *Id.* at ¶ 14. Plaintiff's dresses became popular, and production increased through 2019. *Id.* at ¶ 16.

At this point, Plaintiff conveyed her orders to Defendant Kwoka Sr. through a spreadsheet she created. *Id.* at ¶ 17. Defendant Kwoka Sr. complained that the spreadsheet was too cumbersome to integrate into his pre-existing ecosystem and requested that Plaintiff begin using an ordering system he developed that was available through a website he designed. *Id.* at ¶¶ 18–19. Defendant Kwoka Sr.'s system automatically: (1) relayed the order to the factory; (2) produced an invoice for the purchaser; (3) made an entry into QuickBooks of the sale; and (4) issued a deposit or withdrawal to the company's bank account. *Id.* at ¶ 19. It was at this point that Defendant Kwoka Sr. convinced Plaintiff to change the name of her business to Esme Designs and to incorporate the business in Florida to reduce taxes. *Id.* at ¶¶ 20–22. Defendant Kwoka Sr. offered to incorporate the business himself and directed Plaintiff to open a bank account for Esme Design to be linked to the website for purposes of payment. *Id.* at ¶¶ 24–25. Defendant Kwoka Sr. further requested that Plaintiff input her clients on the website to allow the client to purchase directly from the website. *Id.* at ¶ 26. Defendant Kwoka Sr. further convinced Plaintiff to lease a QuickBooks account, and connect said account to the website. *Id.* at ¶¶ 28–29.

At the end of 2023, Plaintiff noticed an entry in Esme Designs' QuickBooks indicating that a sum of $103,000 was entered as "uncategorized expenses." *Id.* at ¶ 41. Plaintiff contacted Esme Designs' accountant regarding the entry and was informed that the accountant did not maintain the corporate records. *Id.* at ¶ 42. Esme Designs' accountant further indicated that Defendant Kwoka Sr. was the custodian of the corporate records. *Id.* at ¶¶ 42–44. Plaintiff called Defendant Kwoka Sr. regarding the expenses, but he refused to explain the expenses. *Id.* at ¶ 45.

In January 2024, Defendant Kwoka Sr. contacted Plaintiff and told her that he wanted to discontinue their business relationship. *Id.* at ¶ 31. Defendant Kwoka Sr. requested that Plaintiff transfer her interest in Esme Designs to him and discontinue doing business as Esme Designs. *Id.* at ¶ 31. In return, Defendant Kwoka Sr. would allow Plaintiff to keep certain lines and market them under her name. *Id.* at ¶ 32.

On March 18, 2024, Defendant Kwoka Sr. formed Defendant Private Label, LLC, owned entirely by Defendants Kwoka Sr., Kwoka Jr., and Non-Party Phillip. *Id.* at ¶ 35. Defendant Kwoka Sr. further: (1) began transferring all payments for new orders to Defendant Private Label; and (2) withdrew Plaintiff's access to the website and Esme Designs' QuickBooks account. *Id.* at ¶¶ 36–37. Plaintiff alleges that Esme Designs had accounts receivable in the amount of $60,000, but that these payments were transferred to Defendant Kwoka Sr. *Id.* at ¶¶ 51–55. Further, Plaintiff alleges that "when you Google Esme Designs, a link appears for 'Esme Designs,' but when you click on the link, you are redirected to 'Esme Private Label.'" *Id.* at ¶ 75.

654233/2024 DIANE D'ANGELO, ON BEHALF OF ESME DESIGNS, LLC vs. KWOKA, MARK J. ET AL
Motion Nos. 001, 002

Page 2 of 7

2 of 7

[* 2]

Plaintiff further alleges that 300 Esme Designs' sample dresses, each costing $200, were removed from Esme Designs' studio, also Defendant Kwoka Jr.'s place of work, with a note indicating that the samples were transferred to a "safe location." *Id.* at ¶¶ 57–59.

Plaintiff further alleges that Defendant Kwoka Sr. infringed on Plaintiff's copyright. *Id.* at ¶¶ 64–70. Plaintiff alleges that she has a common law copyright for the name "Esme Private Label through common usage." *Id.* at ¶¶ 65, 68. Plaintiff states: (1) that Esme Designs had previously paid for advertisements in trade magazines in February 2023, July 2023, and March 2024 wherein Esme Designs used the mark "Esme Private Label;" and (2) that Esme Designs has maintained an active Facebook page since 2019, and it remains active under the name "Esme Private Label." *Id.* at ¶¶ 64–67.

As a result of Defendants removing Plaintiff from the daily activities of Esme Designs, Plaintiff has suffered reputational injury to Esme Designs. *Id.* at ¶ 81–84. Plaintiff asserts that she has lost clients due to this Defendants' poor customer service. *Id.* ¶ 81–84

Plaintiff brought the instant suit by filing the Summons and Complaint on August 19, 2024. *Id.* On August 22, 2024, August 26, 2024, August 30, 2024, and September 5, 2024, Plaintiff served the Summons and Verified Complaint on Defendants Kwoka Sr., Kwoka Jr., and Private Label. NYSCEF Doc. Nos. 2, 6, 10 (Affidavits of Service). On October 9, 2024, Plaintiff sought leave to file a Motion for Default Judgment against Defendants Kwoka Jr. and Private Label. NYSCEF Doc. No. 8 (Pl.'s 10/09/24 Letter). The Court granted Plaintiff leave to file on October 09, 2024. NYSCEF Doc. No. 9. Plaintiff filed Motion Sequence 001 on October 11, 2024. NYSCEF Doc. Nos. 15–19.

Plaintiff sought leave to file a second Motion for Default Judgment against Defendant Kwoka Sr. on October 28, 2024. NYSCEF Doc. No. 20 (Pl.'s 10/27/24 Letter). The Court granted Plaintiff's request on October 28, 2024. NYSCEF Doc. No. 21. Plaintiff filed Motion Sequence 002 on October 28, 2024. NYSCEF Doc. Nos. 22–25, 27–28.

Defendants filed correspondence to the Court *via* NYSCEF requesting: (1) a five (5) day extension of time to oppose Motion Sequence 001; (2) the Court reinstate the previously scheduled Preliminary Conference date; and (3) the Court consider staying or dismissing the present matter in favor of an action between the same parties before the Southern District of New York. NYSCEF Doc. No. 31 (Defs.' Letter). On October 31, 2024, the Court responded by: (1) directing the parties to file a stipulation amending the briefing for Motion Sequence 002; (2) declining to reinstate the Preliminary Conference date; and (3) directing Defendants to file a motion seeking to stay or dismiss the present matter. NYSCEF Doc. No. 39. Defendants did not accede the Court's directives or take any further action in this case.

## Legal Analysis

The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. An appearance shall be made within twenty days after service of the summons, except that if the summons was served on the defendant by

**654233/2024  DIANE D'ANGELO, ON BEHALF OF ESME DESIGNS, LLC vs. KWOKA, MARK J. ET AL**
**Motion Nos.  001, 002**

**Page 3 of 7**

3 of 7

[* 3]

delivering it to an official of the state authorized to receive service in his behalf or if it was served pursuant to section 303, subdivision two, three, four or five of section 308, or sections 313, 314 or 315, the appearance shall be made within thirty days after service is complete.

CPLR § 320(a). To date, Defendants have not filed: (1) answer(s) to the Complaint; (2) notice(s) of appearance; or (3) motion(s) to extend Defendants' time to answer.

Default judgment is appropriate where, as here, "a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." CPLR § 3215(a). CPLR § 3215(f) requires that the movant seeking default judgment file: (1) proof of service of the summons and complaint or, alternatively, notice pursuant to CPLR § 305(b); (2) proof of the claim(s) along with any amount due; and (3) proof of default. The statutory requirements established in the CPLR are intended to protect defendants and, thus, the burden of proving compliance with the statutes rest with the plaintiff. *See, e.g.*, *Thomas v. Karen's Body Beautiful, LLC*, 152 N.Y.S.3d 565 (1st Dept. 2021). "The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308(1) and (2)." *Wells Fargo Bank, N.A. v. Tricarico*, 32 N.Y.S.3d 213, 215 (2d Dept. 2016). CPLR § 313 states that parties may be served outside of the state "in the same manner as service is made within the state…."

Plaintiff properly served Defendant Kwoka Sr. CPLR § 308(1) allows for personal service upon a natural person "by delivering the summons within the state to the person to be served." Pursuant to Plaintiff's filings, Plaintiff personally served a copy of the Summons and Complaint on Defendant Kwoka Sr. on September 20, 2024. NYSCEF Doc. No. 6. Additionally, Plaintiff sent, *via* Certified Mail, a copy of the Summons and Verified Complaint to Defendant Kwoka Sr. at his last known address on September 19, 2024. NYSCEF Doc. No. 10.

CPLR § 308(2) further directs personal service:

[B]y delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other.

As to Defendant Kwoka Jr., Plaintiff left a copy of Summons and Verified Complaint at Defendant Kwoka Jr.'s last known address with a cohabitant over the age of 18 identified as "Phillip,"[1] on August 26, 2024. NYSCEF Doc. No. 2. Plaintiff also timely completed service

---

[1] Plaintiff's Affidavit of Service identifies the recipient as "Phillip (Doe)." NYSCEF Doc. No. 2.

654233/2024 DIANE D'ANGELO, ON BEHALF OF ESME DESIGNS, LLC vs. KWOKA, MARK J. ET AL
Motion Nos. 001, 002

Page 4 of 7

4 of 7

pursuant to CPLR § 308(2). "Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with." *Gray-Joseph v. Shuhai Liu*, 934 N.Y.S.2d 868, 869 (2d Dept. 2011); *see also Deutsche Bank Natl. Tr. Co. v. Ferguson*, 64 N.Y.S.3d 887 (1st Dept. 2017) (applying the Second Department's holding in *Gray-Joseph*, 934 N.Y.S.2d at 869). "CPLR 308(2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made." *Samuel v. Brooklyn Hosp. Ctr.*, 931 N.Y.S.2d 675, 676 (2d Dept. 2011). As noted, *supra*, Plaintiff delivered a copy of the Summons and Verified Complaint on a cohabitant of Defendant Kwoka Jr. at his last known address on August 26, 2024. NYSCEF Doc. No. 2. The same Affidavit of Service states that Plaintiff mailed to Defendant Kwoka Jr. a copy of the Summons and Verified Complaint on August 30, 2024, *via* first class mail "marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served" [*sic*] to Defendant Kwoka Jr.'s "usual place of abode, [and] last known residence." NYSCEF Doc. No. 2. Plaintiff filed an affidavit of service as to Defendant Kwoka Jr. August 30, 2024. *Id.* Thus, service was completed on September 9, 2024. *See* CPLR § 308 (2) ("proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing…").

"When a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to paragraph (b) of section three hundred six of the business corporation law, an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment." CPLR § 3215(g)(4)(i). Service upon a defendant is complete "upon delivery of the summons and complaint to the Secretary of State…." *Paez v. 1610 St. Nicholas Ave. L.P.*, 960 N.Y.S.2d 91, 92 (1st Dept. 2013). In the present matter, Defendant Private Label is the only corporate defendant. Plaintiff completed service on Defendant Private Label on September 5, 2024, by delivering a copy of the Summons and Verified Complaint on the Secretary of State pursuant to LLC Law § 303. NYSCEF Doc. No. 3. Further, as noted *supra*, Plaintiff also mailed a copy of the Summons and Verified Complaint to Defendant Private Label *via* Defendant Private Label's Counsel as their State-registered representative.[2] Accordingly, Plaintiff sufficiently served Defendant Private Label.

"CPLR 3215(f) requires that an applicant for a default judgment file 'proof by affidavit made by the party of the facts constituting the claim.' A verified complaint may be submitted instead of the affidavit when the complaint has been properly served." *Woodson v. Mendon Leasing Corp.*, 790 N.E.2d 1156, 1162 (N.Y. 2003) (citing CPLR § 3215(f)). "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney." CPLR § 3215(f). Plaintiff's Complaint, as filed with the Court, is verified by the

[2] The Court takes judicial notice of the New York State Secretary of State search database which lists Segal-Gebski & Berne LLP as the sole agent of Defendant Private Label. *See Brandes Meat Corp. v. Cromer,* 537 N.Y.S.2d 177 (2d Dept. 1989) ("Also, this court may, in general, take judicial notice of matters of public records."). Defendant Private Label's state registration lists no principal place of business nor any other representatives or locations for service other than Defense Counsel and, what appears to be, an address associated with Defense Counsel.

**654233/2024  DIANE D'ANGELO, ON BEHALF OF ESME DESIGNS, LLC vs. KWOKA, MARK J. ET AL**  **Page 5 of 7**
**Motion Nos.  001, 002**

5 of 7

signature of Plaintiff. NYSCEF Doc. No. 1 at 15. Accordingly, Plaintiff has provided the Court with an affidavit of facts and of the amount due *via* Plaintiff's Verified Complaint.

"Service of an answer or reply shall be made within twenty days after service of the pleading to which it responds." CPLR § 3012(a). "If the complaint is served with the summons and the service is made on the defendant by delivering the summons and complaint to an official of the state authorized to receive service in his behalf or if service of the summons and complaint is made pursuant to section 303, paragraphs two, three, four or five of section 308, or sections 313, 314 or 315, service of an answer shall be made within thirty days after service is complete." CPLR § 3012(c). Plaintiff's service of the Summons and Verified Complaint on Defendant Kwoka Sr. was completed approximately 38 days before Plaintiff filed Motion Sequence 002. NYSCEF Doc. Nos. 10, 22. Plaintiff's service of the Summons and Verified Complaint on Defendant Kwoka Jr. was completed approximately 32 days before Plaintiff commenced Motion Sequence 001. NYSCEF Doc. Nos. 2, 14. Finally, Plaintiff's service of the Summons and Verified Complaint on Defendant Private Label was completed 36 days before Plaintiff commenced Motion Sequence 001. NYSCEF Doc. Nos. 3, 14.

Accordingly, Plaintiff has properly effectuated service upon each of the Defendants such that Defendants are on notice of the present action. NYSCEF Doc. Nos. 2, 10, 14. Defendants have not responded to the Complaint.

"The defendant, by failing to answer, admits all traversable allegations contained in the complaint. An allegation of damage is not, however, a traversable allegation. It is not admitted by a defendant's failure to answer." *McClelland v. Climax Hosiery Mills*, 169 N.E. 605 (N.Y. 1930) (internal citations omitted). The Court is permitted to order inquest into the damages to determine the sum owed by Defendants. *See, e.g., HF Mgt. Services, LLC v. Dependable Care, LLC,* 152 N.Y.S.3d 574 (1st Dept. 2021) (holding that a party cannot reopen issues of liability at inquest following default judgment); *Consol. Edison Co. of New York, Inc. v. Metro. 47th LLC*, 832 N.Y.S.2d 526 (1st Dept. 2007) (holding that plaintiff was permitted to enter specific evidence of damages at inquest and barring Defendant from re-raising issues of liability following default judgment). Plaintiff here requests an inquest into damages against all parties. NYSCEF Doc. Nos. 15, 23 (Pl.'s Aff. in Support). Plaintiff further requests: (1) an Accounting; (2) a permanent injunction; (3) interest; (4) punitive damages; (5) attorneys' fees; and (6) costs. *Id.* The Court grants Plaintiff's request seeking an inquest on damages and any other relief sought in Motion Sequences 001 and 002.

As such, it is hereby

**ORDERED** that Plaintiff's Motions for Default Judgment are granted against Defendants Mark J. Kwoka, Mark P. Kwoka, and Esme Private Label, LLC, in their entirety; and it is further

**ORDERED** that the Parties shall appear before this Court for an inquest as to damages and any other relief sought, on Tuesday, January 14, 2025, at 09:30 A.M.; and it is further

654233/2024 DIANE D'ANGELO, ON BEHALF OF ESME DESIGNS, LLC vs. KWOKA, MARK J. ET AL
Motion Nos. 001, 002

Page 6 of 7

6 of 7

**ORDERED** that Plaintiff shall serve a copy of this Order with notice of entry on each of the Defendants within ten (10) days of notice of entry *via* first-class United States Postal Service, return receipt requested.

| | | |
|---|---|---|
| __December 3, 2024__ | | _signature_ |
| **DATE** | | **ANAR RATHOD PATEL, A.J.S.C.** |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☒ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**654233/2024  DIANE D'ANGELO, ON BEHALF OF ESME DESIGNS, LLC vs. KWOKA, MARK J. ET AL**
**Motion Nos.  001, 002**

Page 7 of 7