Emerald Green Prop. Owners Assn., Inc. v Gurevitch (2025 NY Slip Op 03613)

Emerald Green Prop. Owners Assn., Inc. v Gurevitch

2025 NY Slip Op 03613

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-24-0617
[*1]Emerald Green Property Owners Association, Inc., Respondent,
v
Alexander Gurevitch et al., Appellants.

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Savad Churgin, Nanuet (Dennis E.A. Lynch, Nanuet, of counsel), for appellants.
Marvin Newberg, Monticello, for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Meagan Galligan, J.), entered March 1, 2024 in Sullivan County, which denied defendants' motion to vacate a default judgment.
During all relevant times, defendants maintained a residence in the Borough of Brooklyn. In September 2021, defendants purchased property in the Emerald Green subdivision in Sullivan County, intending it to be their summer residence. As reflected in the title commitment prepared for that conveyance, the property is subject to a 2007 declaration of covenants, easements, restrictions, charges and liens, managed and enforced by plaintiff — the property owners association for the subdivision. In December 2021, plaintiff filed a lien against defendants' Sullivan County property for over $4,000, representing unpaid 2021 dues and assessments and a property transfer fee, as well as interest accrued thereon. Later that month, plaintiff issued defendants a stop work order and a violation regarding certain allegedly unauthorized construction on the property. In January 2022, plaintiff commenced this lien foreclosure action against defendants seeking over $40,000, largely consisting of accrued daily fees related to the aforementioned construction. Plaintiff attempted service upon defendants at their Sullivan County residence on three dates in February 2022 before affixing a copy of the summons and complaint to the door of that residence and mailing same to defendants' "last known residence," but without specifying said address (see CPLR 308 [4]). In April 2022, plaintiff further sought to serve defendants at their Brooklyn residence. Process server affidavits concerning that second service attempt report that copies of the summons and complaint were delivered to defendant Irina Gurevitch at that residence, accompanied by a mailing of same to the Brooklyn address with respect to defendant Alexander Gurevitch (see CPLR 308 [1], [2]).
Following defendants continued nonappearance, plaintiff moved for a default judgment and an order of reference in June 2022, which Supreme Court (Bryant, J.) granted. A referee concluded that the sum due to plaintiff was by then over $180,000, primarily due to the continuing accrual of daily fines. Plaintiff's motion for a judgment of foreclosure and sale was later granted in January 2023. Plaintiff was the sole bidder at the ensuing foreclosure sale, and its bid for $1,000 was later confirmed. An eviction proceeding was commenced against defendants in May 2023, after which defendants filed a notice of appearance in this action and notices of appeal from the default judgment and the judgment of foreclosure and sale.[FN1] In January 2024, plaintiff listed the property for sale for $525,000. Later that month, defendants moved, by order to show cause, for an order temporarily restraining plaintiff from taking any actions to sell the property and to vacate the default judgment pursuant to CPLR 5015 (a) (1) and (4), primarily arguing that they had not been properly served. [*2]Plaintiff opposed. Following oral argument, Supreme Court (Galligan, J.) denied the requested relief in full. Defendants appeal. We note that this Court was advised during the course of oral argument that the property has since been sold to a third party.
Pursuant to CPLR 5015 (a) (4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." A court lacks personal jurisdiction over a person when a plaintiff fails to properly effectuate service of process upon them (see Macchia v Russo, 67 NY2d 592, 595 [1986]), and it is well established that "[s]ervice of process upon a natural person must be made in strict compliance with the methods set forth in CPLR 308" (Preferred Mut. Ins. Co. v DiLorenzo, 183 AD3d 1091, 1093 [3d Dept 2020]). As relevant here, CPLR 308 authorizes personal service by delivery of the summons either to the person to be served (see CPLR 308 [1]) or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served coupled with the mailing of same to the person's last known address (see CPLR 308 [2]). Where neither manner of service can be made with due diligence, personal service may be accomplished by affixing the summons to the door of the actual place of business, dwelling place or usual place of abode of the person to be served and mailing the summons to such person at his or her last known residence within 20 days of the affixing (see CPLR 308 [4]).
Turning first to the Sullivan County CPLR 308 (4) service attempt, we agree with defendants that the process server's form affidavits are facially defective in that they fail to specify the last known address to which the summons was purportedly mailed (see Matter of William A. [Jessica F.], 192 AD3d 1474, 1475 [4th Dept 2021]; Aurora Loan Servs., LLC v Revivo, 175 AD3d 622, 623-624 [2d Dept 2019]; see also Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 763 [2d Dept 2019]; Deutsche Bank Natl. Trust Co. v Ferguson, 156 AD3d 460, 461 [1st Dept 2017]).[FN2] The affidavits thus cannot constitute prima facie evidence of service upon defendants.
The affidavits of service regarding the Brooklyn service attempt show, prima facie, strict compliance with CPLR 308 (1) and (2). Irina Gurevitch's generalized denial that she is not as described in those affidavits was not, by itself, sufficient to rebut that prima facie showing (see State of New York v Konikov, 182 AD3d 750, 753 [3d Dept 2020], lv denied 36 NY3d 906 [2021]; compare Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2d Dept 2013], lv dismissed 22 NY3d 947 [2013]). However, both defendants further affirmed that they were at a different, specified location on the day of the alleged service, for a stated purpose and with other named individuals. Defendants also represent that they have [*3]photographic evidence corroborating same. In our view, this sworn denial of service was sufficiently "detailed and specific" to raise a legitimate factual issue necessitating a traverse hearing (Dunn v Pallett, 42 AD3d 807, 809 [3d Dept 2007] [internal quotation marks and citations omitted]; see New York State Higher Educ. Servs. Corp. v Palmeri, 167 AD2d 797, 798 [3d Dept 1990]). Accordingly, we remit the matter to Supreme Court for a hearing to determine whether personal jurisdiction over defendants was obtained and a new determination of their motion thereafter.
Egan Jr., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Defendants contested the eviction proceeding, and it appears that related litigation was also pursued in federal court.

Footnote 2: These affidavits, pertaining to nail-and-mail service, also perplexingly assert that the process server was able to ask the person served whether he or she was in active military service.